## STATE *v.* SMITH.

MURDER—SHACKLES ON PRISONER.—It is a violation of the common law to keep a prisoner in fetters during his trial without evident necessity, to keep in restraint. (1 Mo. App., 438; S. C. 64 Mo.. 591; 42 Cal., 165.)

INDICTMENT FOR ASSAULTING AN OFFICER.—An indictment against a convict under section 677, of the criminal code, for assaulting and wounding an officer of the penitentiary with a deadly weapon, must charge that the prisoner knew the person assaulted to be an officer.

APPEAL from Marion County.

*Bonham & Ramsey, W. G. Piper and S. F. Chadwick,* for appellant.

The court below erred in refusing to cause the shackles to be removed from the appellant's limbs during the trial. He was heavily ironed. The appellant had a right to be free from fetters during his trial. This proposition is clearly established both in this country and England. (4 Blackstone's Com., 322; 1 Bishop on Crim. Proceed., sec. 955; Wharton's Pl. and Pr., sec. 540; *People* v. *Harrington*, 42 Cal., 165, 166; *State* v. *King*, 64 Mo., 591, 592.)

There was no excuse given for denying the defendant his right to appear in court free from bonds or fetters. The defendant had a constitutional right to have them removed; and his case was doubtless greatly prejudiced by his being tried in irons. The indictment is insufficient to charge a crime, in that it does not allege that the defendant *knew* that Collins was an officer. (*State* v. *John Downer, et al.,* 8 Vt., 424, 429; *Horan* v. *The State*, 7 Tex., 183, 192.)

*W. H. Holmes, District Attorney,* for respondent.

It is argued that the indictment must charge a knowledge on the part of the appellant that George Collins was his

custodian and keeper. The statute does not make the matter of knowledge a part of the crime. Where an indictment charges an offense in the language of the statute, it is sufficient. (9 Cal., 576; 32 Cal., 91; 34 Cal., 191.)

It is further contended that the court erred in not requiring the sheriff to remove the shackles from the appellant during his trial. This in any case would not be cause for reversal, but the case at bar does not stand on the same footing with ordinary cases. The appellant was a convict regularly sentenced, and serving out an unfinished term in the penitentiary for the commission of crime. The superintendent of the penitentiary has control of the penitentiary and its inmates. In the discharge of the duties of his office, it became necessary to put the appellant in irons; this must have been necessary in order to his safe confinement, or the officers would not have resorted to any such measures. The fact that the appellant was transferred in this condition from one set of officers, who had found it necessary to hamper him, in order to prevent his escape, is certainly of itself sufficient cause for the officers receiving him to continue the same restraint. While involuntarily away, his term of service in the penitentiary was going on—all of the officers of the penitentiary and the court were responsible for his safe keeping. We submit that sheriffs and wardens are better judges of the necessary restraint a prisoner or convict should be placed under, than the judge who tries the case. But the court has power to control the action of its ministerial officers and the parties before it. The bill of exceptions is silent as to the reasons why the court refused to stop proceedings, and have the irons taken off. It cannot be claimed as matter of legal right that they must have been taken off.

By the Court, WALDO, J.:

The appellant, William Smith, a prisoner in the state penitentiary, was indicted under section 677 of the criminal code, for assaulting with a deadly weapon and wounding George Collins, an officer of the penitentiary, having the charge and custody of the prisoner. The appellant was tried, found guilty and sentenced to death. Several errors are relied on to reverse the sentence; two of which are, that the indictment was insufficient in that it did not allege that the prisoner knew Collins to be an officer, and that the prisoner was kept with irons on his feet during the trial— a motion of the prisoner's counsel to have the irons removed being overruled on the ground that the irons were "put on the defendant at the penitentiary and could not be removed without much delay, and it would require the work of a blacksmith to remove them;" to which ruling the prisoner's counsel excepted.

The sentence must be reversed on both grounds. An indictment must be so drawn as to exclude any assumption that the indictment may be proved and the defendant still be innocent. (*State* v. *Melville*, 11 R. I., 418.) To constitute the precise offense charged, the court deem the rule to be deduced from the authority to be that the prisoner must have known Collins to be an officer of the penitentiary. (2 Bish. Crim. Law., sec. 51; Bish. on Stat. Crimes, sec. 664; *Commonwealth* v. *Kirby*, 2 Cush., 581; *Horan* v. *The State*, 7. Tex. App., 183; *The State* v. *Downer*, 8 Vt., 424.)

On the second point, that it was error to keep the prisoner in fetters during the trial, the opinion in the case of *The State of Missouri* v. *Kning*, 1 Mo. App., 438, leaves nothing further to be said. The case was affirmed on appeal.

(64 Mo., 591.) The point was ruled the same way in *People* v. *Harrington*, 42 Cal., 165, which seems to have been the first case in this country where this ancient rule of the common law was considered and enforced. It is unnecessary to notice other errors assigned.

Judgment reversed.