On appeallant's reconsideration filed March 2, reconsideration allowed;
former opinion filed February 2 (55 Or App 1029, 643 P2d 423) withdrawn;
reversed and remanded for a new trial May 26, 1982

STATE OF OREGON,
*Respondent,*
*v.*
RODNEY DEAN KESSLER,
*Appellant.*

(Cases consolidated)
(No. 125,550, 125,873, 125,874 & 125,875
CA A22010, A22011, A22012, & A22013)

645 P2d 1070

Gary D. Babcock, Public Defender, and Marilyn C. McManus, Deputy Public Defender, Salem, for petition.

Before Buttler, Presiding Judge, and Richardson and Warden, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant petitioned for reconsideration of our decision affirming his conviction, 55 Or App 1029, 643 P2d 423 (1982). The petition is allowed, and we reverse and remand for a new trial.

The sole issue on appeal is whether the court erred in denying defendant's motion to remove his leg shackles during trial. Defendant was charged by separate indictments with the offenses of assault in the fourth degree, escape in the first degree and two counts of assault in the second degree. The victims of the three assaults were alleged to be police officers. The charges were consolidated for trial to a jury.

Defendant was brought to the courtroom on the day of trial wearing prison clothes described as "blue pants and blue shirt." He also was wearing leg shackles. Outside the presence of the jury panel, defendant asked the court to order removal of the leg shackles. His counsel stated that, other than the assaults alleged, defendant had shown no tendency toward escape or violent behavior before or since the incident in question.

The prosecutor stated:

"Just to clarify for the record, with respect to Mr. Kessler's garb it ought to be noted that he's dressed in prison garb at his election. He was offered the opportunity to dress in civilian clothes and chose not to. I have asked the Court to keep the leg irons on Mr. Kessler and I'm doing so because based on the information informed to us he presents a security release which occurred in the course of contacts alleged by the State in his attempt to escape from custody, which was a successful attempt, as a matter of fact. Mr. Kessler also has a prior conviction for Resisting Arrest. I think the circumstances do suggest that it's in everybody's best interests to maintain a minimum security measure.

"I might note that he's presently seated in the courtroom, and, frankly, the leg irons should not be terribly obtrusive to the jury. I'm sure up to the time he's prepared to take the stand there is no reason why they should take any substantial notice of those restraints."

On inquiry from the court, defendant confirmed that he had elected to wear his prison clothing but said, "I didn't

figure that the jury would know these are prison garbs to start with." The judge agreed and said he often wore that type of clothing after work. The record discloses no other information respecting the motion.

Oregon very early recognized the right of a criminal defendant to appear free of physical restraints in a trial before a jury. *State v. Smith,* 11 Or 205, 8 P 343 (1883). The court there cited *People v. Harrington,* 42 Cal 165, 10 Am R 296 (1871), as the basis of its conclusion that refusal of the trial court to remove defendant's leg shackles was reversible error. *See also State of Oregon v. Long,* 195 Or 81, 244 P2d 1033 (1952).

The California Supreme Court in *People v. Duran,* 16 Cal 3d 282, 127 Cal Rptr 618, 545 P2d 1322, 90 ALR3d 1 (1976), reaffirmed and expanded the principle announced in *People v. Harrington, supra.* After discussing the history of the common law and due process right to be tried free of restraints, the court said:

> "* * * We believe that it is manifest that the shackling of a criminal defendant will prejudice him in the minds of the jurors. When a defendant is charged with any crime, and particularly if he is accused of a violent crime, his appearance before the jury in shackles is likely to lead the jurors to infer that he is a violent person disposed to commit crimes of the type alleged. * * *
>
> "The removal of physical restraints is also desirable to assure that 'every defendant is. . . brought before the court with the appearance, dignity, and self respect of a free and innocent man.' * * *
>
> · "We. believe that possible prejudice in the minds of the jurors, the affront to human dignity, the disrespect for the entire judicial system which is incident to unjustifiable use of physical restraints, as well as the effect such restraints have upon a defendant's decision to take the stand, all support our continued adherence to the *Harrington* rule. * * * " 16 Cal 3d at 290.

The California Supreme Court concluded that visible physical restraints should be the exception and should be maintained only on a showing of a manifest need for the restraints.

In *State v. Moore,* 45 Or App 837, 609 P2d 866 (1980), we cited *State v. Smith, supra,* and *People v. Duran, supra,* and concluded:

"* * * To restrain a defendant without substantial justification is a ground for reversal, * * * but a trial judge has the discretion to order the shackling of a defendant if there is evidence of an immediate and serious risk of dangerous or disruptive behavior." 45 Or App at 839-40.

We held that the trial court did not abuse its discretion in declining to remove defendant's leg shackles. The trial court record indicated that defendant had assaulted figures of authority and fellow prisoners while in custody awaiting trial and while en route to the courthouse and that he had been a serious behavior problem right up to the beginning of trial.

■■■■ We indicated in *Moore* that we will generally not second guess a trial court as to appropriate security measures necessary during trial. An exercise of discretion is a judicial decision which must be based on an independent analysis of the factors that go into the decision. Although a trial judge is in a better position to evaluate the defendant in the context of the proceedings and to decide what security measures are required, if the judge neither receives nor evaluates relevant information, he has not exercised judicial discretion. The trial court must make a record of the information received as a basis for the decision in order for this court to review the exercise of discretion. The information utilized need not come in a formal adversary proceeding. The court may utilize credible information from any source. *State of Oregon v. Long, supra.*

■■■■ In this case all the information that the court had was the fact that defendant was charged with three assaults on police officers and an escape and had a previous conviction for resisting arrest. The prosecutor said the state had information which led the state to believe the defendant was a security risk. There is no indication what that information was. The trial court could not simply accept the conclusion of the prosecutor that the defendant presented a security risk sufficient to require shackling during trial. The indictments alleged that defendant had committed the offenses on March 8, 1981; the trial occurred on July 23, 1981. There is nothing in the record about defendant's conduct while in custody during the intervening five months. The court was aware of the charges defendant was

facing but was not aware of the factual predicate of these charges. There was no "evidence of an immediate and serious risk of dangerous or disruptive behavior." *State v. Moore, supra.*

■ The state argues that the fact that defendant had elected to appear in prison clothing and the number and serious nature of the charges justified the restraints. The description of the clothing defendant wore does not clearly indicate that the jury could have inferred that he was in custody. However, if the jury could conclude defendant was in custody, that does not necessarily lead to the conclusion that he also had a propensity to violence or escape. Leg shackles indicate dangerous tendencies and not mere custody. The number and severity of the charges, without more, do not support an inference that defendant posed an immediate and serious security risk. Many defendants are charged with serious crimes which involve elements of violence. It could not be seriously argued that every defendant charged with crimes involving violence should be considered an immediate and serious security risk.

During the hearing on defendant's motion to remove the shackles, the prosecutor noted that as defendant was then seated in the courtroom "the leg irons should not be terribly obtrusive to the jury." The state now argues that because the shackles were unobtrusive, defendant was not prejudiced. It is difficult to accept the proposition that defendant could sit through a jury trial and constantly maintain a posture such that the jury would not see the leg irons. It is not a question whether the jury will be constantly exposed to the vision of a shackled defendant, but whether they see the shackles at all. If any of the jurors could see the leg irons, the prejudicial inferences logically follow. As disussed in *People v. Duran, supra,* the inferences the jury may draw is just one of the elements of prejudice to a defendant who is shackled. The shackles impinge on the presumption of innocence and the dignity of the judicial proceedings and may inhibit consultation with his attorney and his decision whether to take the stand as a witness. *See also Illinois v. Allen,* 397 US 337, 90 S Ct 1057, 25 L Ed 2d 353 (1970).

■ ■ The state suggests that defendant has demonstrated no prejudice from the court's ruling. As discussed in

*People v. Duran, supra,* and *Illinois v. Allen, supra,* the prejudice to a defendant shackled or otherwise physically restrained during trial is manifest and need not be proven in an individual case. By showing that he was required to wear leg shackles, without a showing of substantial necessity, defendant has demonstrated a violation of his due process right to a fair trial. *See also State v. Moore, supra.*

■ ■   We may decline to reverse on a finding of constitutional error if we are satisfied that the error was harmless beyond a reasonable doubt. *State v. Stilling,* 285 Or 293, 590 P2d 1223, *cert den* 444 US 880 (1979); *Chapman v. California,* 386 US 18, 87 S Ct 824, 17 L Ed 2d 705, 24 ALR3d 1065 (1967). The only record on appeal is the trial court file, a transcript of the hearing on defendant's pretrial motion to remove the leg irons and a transcript of the sentencing hearing. The record is insufficient for us to determine if the error was harmless beyond a reasonable doubt. If the state wished to show that the error was harmless, it should have supplemented the designation of record on appeal to demonstrate that argument.

Defendant's petition for reconsideration is allowed. Our former decision affirming the judgment of conviction (55 Or App 1029, 643 P2d 423 (1982) is withdrawn, and the judgment is reversed and remanded for a new trial.