Argued and submitted April 23, reversed and remanded
for new trial September 8, reconsideration denied October 14,
petition for review denied November 16, 1982 (294 Or 78)

# STATE OF OREGON,
*Respondent,*
*v.*
# RICHARD BRIAN BIRD,
*Appellant.*

(No. 25529, CA A20615)

650 P2d 949

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denny, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General.

Before Gillette, Presiding Judge, and Warden, and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his conviction for murder. ORS 163.115. He contends that the trial court erred in (1) failing to order a change of venue; (2) failing to order certain of his statements suppressed; (3) denying his request to have leg shackles removed at trial; (4) excising certain portions of a state's exhibit before admitting it in evidence; (5) instructing the jury that, before it could consider the lesser included offense of manslaughter in the first degree, it must reach a verdict of not guilty of the crime of murder; and (6) ordering defendant imprisoned for life with no possibility of parole for 25 years.

Defendant was charged with the murder of a three-year-old neighbor girl in Scappose. In his first assignment of error, he contends that news coverage of the child's death and defendant's subsequent arrest was so extensive that it presumptively deprived him of a fair trial by an impartial jury. A hearing was held on defendant's motion for change of venue. The trial court denied the motion, finding that:

> "The articles in substance merely report the fact that a child is missing, subsequent thereto that she was found, that there was a homicide, and subsequent thereto you [defendant] were charged with a particular offense and what is in the indictment. The newspapers articles in and of themselves, I don't feel, constitute a sufficient basis for a change of venue."

After reviewing the news articles in question, we agree with the trial court that the media coverage was not so inflammatory as to prevent defendant from receiving a fair trial. He was given leave to renew the motion when the jury was impaneled, on a showing that an impartial jury could not be selected. He did not renew the motion. The trial court did not abuse its discretion in failing to order a change of venue. *State v. Schroeder,* 55 Or App 932, 935, 640 P2d 688 (1982).

In his second assignment of error, defendant contends that his pretrial confessions should not have been admitted in evidence, because at the time he made the first confession he was not in a condition freely and voluntarily to waive his right to counsel and right to remain silent. Defendant does not contend that he was not advised of

these rights, but only that, because of the police officers' "coercive tactics, and * * * defendant's emotional distress, limited education and intoxication," he was unable to comprehend the substantive content of the warnings given. After hearing the evidence regarding the voluntariness of the confession, the trial court concluded that there was sufficient evidence that defendant voluntarily made the statements to justify sending the confession to the jury. The facts, as set forth in defendant's brief, support that conclusion. It is not our function to try a matter such as this *de novo*. *State v. Regan,* 5 Or App 491, 484 P2d 861 (1971).

In defendant's third assignment of error he contends that shackles should have been removed from his legs during trial. In requesting their removal, counsel for defendant stated that because there had been no "incidents" at the two prior hearings the shackling was unnecessary. In denying defendant's request, the court stated:

> "[T]he question of the security is ultimately a question that the court leaves to the sheriff's office. They have indicated that they would rather that Mr. Bird have leg-cuffs on during the trial, and without handcuffs I have indicated that all of this is to be done outside the presence of the jury. He will be seated at counsel table with legcuffs on when the jury comes in * * *."

The trial court made no independent finding that defendant was dangerous or that he exhibited any behavior which would necessitate the placing of leg irons on him at trial. In *State v. Kessler,* 57 Or App 469, 645 P2d 1070 (1982), we held that it was an abuse of the trial court's discretion to decline to remove the defendant's leg shackles when there was nothing in the record showing a necessity to keep them on him. We stated:

> "* * * The trial court could not simply accept the conclusion of the prosecutor that the defendant presented a security risk sufficient to require shackling during trial. * * *" 57 Or App at 473.

In the present case, the trial court was unaware of the reasons the sheriff wanted defendant in shackles. Without finding that defendant posed an "immediate and serious risk of dangerous or disruptive behavior," *State v. Moore,* 45 Or App 837, 840, 609 P2d 866 (1980), it was an abuse of

the trial court's discretion to deny defendant's request to have the shackles removed.

As in *Kessler,* the state here suggests that defendant has demonstrated no prejudice from the court's ruling. In *Kessler,* we stated:

> "* * * As discussed in *People v. Duran,* [16 Cal 3d 282, 127 Cal Rptr 618, 545 P2d 1322, 90 ALR3d 1 (1976)] and *Illinois v. Allen,* [397 US 337, 90 S Ct 1057, 25 L Ed 2d 353 (1970)], the prejudice to a defendant shackled or otherwise physically restrained during trial is manifest and need not be proven in an individual case. By showing that he was required to wear leg shackles, without a showing of substantial necessity, defendant has demonstrated a violation of his due process right to a fair trial. *See also State v. Moore,* [45 Or App 837, 609 P2d 866 (1980)]." 57 Or App at 474-75.

After reviewing the record, we cannot say that the error was harmless beyond a reasonable doubt. *State v. Stilling,* 285 Or 293, 304, 590 P2d 1223, *cert den* 444 US 880 (1979). Defendant's conviction must be reversed and the case remanded for a new trial.

■ Because the problem giving rise to defendant's next two assignments of error might come up on retrial, we will address them. Defendant contends that certain portions of state's exhibit number 61 that were excised should have been admitted in evidence. The exhibit consists of a file containing writings of defendant in which he confesses to and describes the homicide. The file was seized from defendant's jail cell under authority of a search warrant. The validity of the warrant is not at issue here. Much of the material in the file was found by the trial court to be irrelevant, and those portions were excised. Defendant asserts that the following paragraph should not have been excised:

> "Yesterday we got high. * * * You got a hit of acid from Spears (Dave (zoo breath)) and we each eat *[sic]* a half; that was at 10:00 or *before,* last night. It is now 5:00 a.m!"

That paragraph appears several pages before defendant's confession to the homicide. In making the request to admit the paragraph into evidence, counsel for defendant stated: "* * * I'm not too concerned about it. I don't know how

[including the paragraph] could be done, either, without making it nonsensical." The court responded, "That is why I have chosen to leave it intact from that point on through because it is continuous and at least is understandable from beginning to end * * *." Admissibility rulings of this kind are generally left to the sound discretion of the trial court. *State v. Chase,* 47 Or App 175, 180, 613 P2d 1104 (1980). We find no abuse of that discretion in this instance.

■ ■     Defendant next contends that the trial court erred in giving the following instruction to the jury: "* * * If you determine that Mr. Bird is not guilty of the crime of murder, then you may consider the crime of manslaughter in the first degree. * * *" For an instruction standing alone to constitute reversible error, it must be such as would have prejudiced the defendant when the instructions are considered as a whole. *State v. Hammick,* 2 Or App 470, 472-73, 469 P2d 800 (1970). Under our holding in *State v. Ogden,* 35 Or App 91, 580 P2d 1049 (1978), this instruction is clearly erroneous[1] and standing alone would require reversal of defendant's conviction.[2]

Reversed and remanded for new trial.

---

[1] The erroneous instruction in *State v. Ogden,* 35 Or App 91, 94, 580 P2d 1049 (1978), was:

"You have to start with the charge contained in the indictment, the burglary, and you consider the charge of criminal trespass in the second degree only if you should find the Defendant not guilty of the charge of burglary in the second degree."

[2] We do not reach defendant's final assignment of error, that the court erred in sentencing defendant to life imprisonment with no possibility of parole for 25 years. *But see State v. Shumway,* 291 Or 153, 690 P2d 796 (1981).