Argued and submitted March 15, convictions affirmed; remanded for resentencing September 29, appellant's reconsideration denied November 18, petition for review denied December 15, 1982 (294 Or 212), appellant's second reconsideration denied February 4, second petition for review denied March 1, 1983 (294 Or 569)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN WESLEY PEASLEE,
*Appellant.*

(Nos. 124,426, and 124,429, CA A21409)

651 P2d 182

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Wiliam F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant seeks reversal of his convictions for felony murder and robbery in the first degree. He contends that the trial court erred (1) in denying him a new trial, (2) in granting the state's motion that he be restrained during trial, (3) in consolidating the charges, (4) in sustaining the state's objection to certain testimony and (5) in sentencing him to a 25-year minimum term.

■ Defendant contends that the trial court erred in denying him a new trial, because a unanimous verdict on the felony murder charge and a 10-2 verdict on the robbery charge were logically inconsistent. Defendant did not object to the trial court's instructions advising the jury that it could return a 10-2 verdict on the robbery charge but that its verdict on the felony murder charge had to be unanimous. After polling the jury, the court received the verdicts without comment by defendant. If the verdicts were inconsistent, he should have objected then. He did not raise the issue until three months later when he moved for a new trial. By failing to make a *timely* objection below, he waived any objection to the verdicts. *State v. Abel,* 241 Or 465, 467, 406 P2d 902 (1965); *State v. Langley,* 214 Or 445, 477, 315 P2d 560, 323 P2d 301, *cert den* 358 US 826 (1958); *State v. Barger,* 43 Or App 659, 662, 603 P2d 1240 (1979); *State v. Easton,* 35 Or App 603, 607, 582 P2d 37, *rev den* 284 Or 521 (1978).

Defendant contends that the trial court erred in granting the state's motion that he be restrained during trial. In requesting some type of restraint, the prosecutor informed the judge of the aggravated nature of the charges and of defendant's record of prior assaultive-type crimes. The prosecutor also represented to the judge that he was very concerned that witnesses and spectators might bring weapons into the courtroom and that a very "real security problem" existed.[1] Defendant did not dispute the prosecutor's representations.

---

[1] The charges against defendant resulted from an attempt by defendant and others to steal drugs from another group. During the trial, numerous witnesses were called who were involved with defendant or with his victims. At least one of the witnesses called to testify against defendant, who ultimately refused to testify, was being held in protective custody for her safety.

The sheriff also was concerned about courtroom security, and that concern was communicated to the judge. Defense counsel conceded that, in view of those concerns, deputies could search witnesses and spectators. Because of the security problem, the sheriff considered it advisable that several deputies be present during the trial. The judge asked the deputy in charge whether, in his opinion, restraints were required. The deputy indicated that they were. He also warned the judge that a sufficient number of deputies could not always be available to maintain security.

After noting that the courtroom was not designed for security purposes, the judge ruled:

> " * * * because of the physical layout of the courtroom, the representations of the district attorney's office and Lt. Riggs, and the nature of the charges, my concerns, I think it's appropriate that we allow that type of restraint * * *."

In response to defendant's request, the judge instructed the jury:

> "I'll give you another cautionary instruction. It will become apparent to you if it isn't already, the defendant, Mr. Peaslee, is in custody and he may at various times during the trial be in the custody of an officer or be under some kind of restraint. I advise you and I instruct you, you are not to draw any inferences from that. This is a serious criminal charge. He is in custody and that is all the significance that there is to those matters so don't jump to conclusions. Don't ·draw any inferences from that other than the fact that he is charged."

■ We are reluctant to second-guess a trial judge as to appropriate security measures necessary during a trial. Here, the judge made a record of the information he had received as a basis for his decision to allow restraints, and that record shows that there was uncontradicted evidence that defendant was dangerous and that there was a real threat of disruptive behavior by him and others during the trial. Under the circumstances, we find no error. *State of Oregon v. Long,* 195 Or 81, 89-93, 244 P2d 1033 (1952); *State v. Moore,* 45 Or App 837, 609 P2d 866 (1980); *compare State v. Bird,* 59 Or App 74, 650 P2d 949 (1982); *State v. Kessler,* 57 Or App 469, 645 P2d 1070 (1982).

Defendant contends that the trial court erred in allowing the state's motion to consolidate the murder and robbery charges. The test for determining whether separate charges are properly consolidated for trial is whether the charges are "unitary." Charges are unitary if they are so closely linked in time, place and circumstance that a complete account of one cannot be related without relating details of the other. *State v. Boyd*, 271 Or 558, 533 P2d 795 (1975); *State v. Fitzgerald*, 267 Or 266, 273, 516 P2d 1280 (1973). Absent prejudice, the trial court should order consolidation to avoid any unnecessary delay or expense that would be caused by a second trial. *State v. Eusted*, 12 Or App 351, 355 n 1, 507 P2d 60 (1973). We conclude that these charges arose out of the same act or transaction and that they are unitary. Defendant and his accomplice attempted to steal drugs at gunpoint. When one of the victims attempted to escape, he was killed. At trial, defendant contended that the evidence on the intentional murder charge would differ from that on the robbery. He conceded that the evidence on the felony murder charge and on the robbery would be the same. He failed to identify any evidence that would have been admissible at separate trials but inadmissible at the consolidated trial.[2] We find no error. *See State v. Elam*, 37 Or App 365, 371, 587 P2d 491 (1978).

Defendant contends that the trial court erred in sustaining the state's objection to testimony that Bunnell, one of the robbery victims, had sold drugs from her home. Defense counsel asked Bunnell on cross-examination if she had sold drugs to one Schultz on the day of the homicide. She testified that she had not, and she denied that she had ever sold drugs from her home. Later, the defense attempted to offer Schultz's testimony that he had purchased drugs from Bunnell at her home on that day. Defendant argues that the testimony should have been allowed to challenge Bunnell's veracity as a witness and that the trial court's refusal to permit the testimony denied him the opportunity to show that Bunnell had testified falsely. In the alternative, he argues that he should have been permitted to offer independent evidence that Bunnell

---

[2] Assuming *arguendo* that the court erred, we find no prejudice, because the jury returned guilty verdicts only on the related charges, *i.e.*, felony murder and robbery.

had sold drugs to Schultz because, he contends, the issue of whether Bunnell was a drug dealer was directly relevant to the state's theory that he and his accomplice went to Bunnell's residence to rob her of money and drugs.

The trial judge stated:

" * * * * *

"My analysis of the cases cited by [the prosecutor] leads me to believe that is a collateral matter. That it's evidence of a bad act and that is not appropriate evidence to be allowed by an independent witness since it's contradictory on a collateral matter, even though it's evidence which might tend to show that the witness was untruthful on the stand.

"* * * * *

" * * * I'll rule that that is a collateral matter; that it's not admissible in the testimony of that witness. That you cannot use that in effect to impeach the witness Marcia Bunnell and I'll sustain the objection to it. * * *"

■ The state did contend at trial that defendant's motive for the robbery was to steal money and drugs. However, whether Bunnell had drugs in her possession lawfully or unlawfully was collateral. Regardless of how she obtained the drugs or what she intended to do with them, the relevant question was whether defendant and his accomplice intended to rob her. We find no error. *See* former ORS 45.600 (*repealed by* Or Laws 1981, ch 892, § 98);[3] *see also State v. Jones,* 279 Or 55, 62, 566 P2d 867 (1977); *State v. Johnson,* 277 Or 45, 48-49, 559 P2d 496 (1977); *State v. Manrique,* 271 Or 201, 212, 531 P2d 239 (1975); *State v. Miller,* 35 Or App 207, 582 P2d 1378, *rev'd on other grounds,* 36 Or App 859, 585 P2d 772 (1978); *State v. Thayer,* 32 Or App 193, 573 P2d 758, *rev den* 283 Or 1 (1978); *State v. Goodin,* 8 Or App 15, 492 P2d 287 (1971), *rev den* (1972).

---

[3] Former ORS 45.600 provided:

"A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime."

■      The trial court erred in sentencing defendant to a 25-year minimum term of imprisonment. *State v. Shumway,* 291 Or 153, 630 P2d 796 (1981).

Convictions affirmed; remanded for resentencing.