Argued and submitted December 20, 1984, reversed and remanded for new trial
April 3, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# CLYDE L. GLICK, SR.,
*Appellant.*

## (23-354; CA A32079)

697 P2d 1002

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Salem, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

# VAN HOOMISSEN, J.

Defendant appeals his convictions for robbery in the third degree and assault in the fourth degree. He contends that the trial judge erred in denying his motions for a mistrial. The dispositive issue is whether the trial judge had discretion to deny the motions. We conclude that as a matter of law he did not. Therefore, we reverse and remand for a new trial.

Defendant was brought into the courtroom for a jury trial wearing handcuffs and a belly chain. The trial judge conducted an *in camera* inquiry as to the reason for the restraints. The prosecutor told the judge that he had requested Deputy Berrest to remove the restraints, unless Berrest felt that he could not maintain security without them. Berrest told the judge:

"MR. BERREST: Yes. I mean these are my feelings, because of the nature of the crime and also personal knowledge that I have of Mr. Glick. I felt that by myself possibly I should use the restraints.

"MR. WASSON: What knowledge do you have of Mr. Glick that causes you concern regarding security?

"MR. BERREST: Just mainly his criminal history. I know he has been involved for as long as I have been in the Sheriff's Office which has been ten years. I can't say specifically of any incidents of assaultive behavior or anything or even escape. Just thinking about it, I don't know of any personally."

The judge was aware that defendant had a 1975 conviction for bail jumping in the first degree and a 1976 conviction for escape in the second degree. Defense counsel told the judge that defendant had lived in Tillamook County most of his life and that he had not evidenced any intent to escape. The judge stated:

"Well, at this point I am going to deny the request to remove the restraints and I will deny the Motion for Mistrial and we will resume with the jury selection."

At the end of the trial, defendant renewed his mistrial motion. The judge stated:

"I am * * * going to again deny the Motion for Mistrial. I — this case involves claims of assaultive behavior. As the record indicates, there was — the evidence shows some efforts

to get away here and although the record doesn't show it, I think this is what I did want to add: I think that the record should show that although Mr. Glick is not a tall man, he is certainly a very stout, husky man and the Court has been — is aware of his criminal record and I think that the mistrial should be denied."

In *State v. Schroeder,* 62 Or App 331, 337, 661 P2d 111 *rev den* 295 Or 161 (1983) we stated:

"A criminal defendant has the right to appear free of physical restraint in a trial before a jury. *State v. Smith,* 11 Or 205, 8 P 343 (1883); *State v. Kessler,* 57 Or App 469, 472, 645 P2d 1070 (1982). It is within the trial court's discretion, however, to order a defendant shackled 'if there is evidence of an immediate or serious risk of dangerous or disruptive behavior.' *State v. Moore,* 45 Or App 837, 840, 609 P2d 866 (1980)."

We are reluctant to second guess a trial judge's assessment of appropriate security measures during a trial. *State v. Schroeder, supra,* 62 Or App at 338; *State v. Peaslee,* 59 Or App 519, 522, 651 P2d 182 (1982) *rev den* 294 Or 569 (1983). Nevertheless, we conclude, as a matter of law, that the judge had no other choice on this record but to grant a mistrial.

■ To restrain a defendant during trial without substantial justification is a ground for reversal. A trial judge has the discretion to order shackling only if there is substantial evidence of an immediate and serious risk of dangerous or disruptive behavior or escape. *State v. Moore,* 45 Or App 837, 839, 609 P2d 866 (1980).

■ Berrest's statement to the judge lacked specific evidence of an immediate and serious risk. At best, the statement was conclusory in nature. In *State v. Schroeder, supra,* 62 Or App at 337, we explained:

"[T]he court must first have relevant information in order to exercise judicial discretion and must make a record of that information in order to permit review of the court's discretion. Although the information received need not come in a formal adversary proceeding, a conclusory statement alone by a prosecutor or law enforcement officer is not sufficient to permit the independent analysis necessary for the exercise of discretion. *State v. Kessler, supra; State v. Bird,* 59 Or App 74, 650 P2d 949, *rev den* 294 Or 78 (1982); *compare State v. Peaslee,* 59 Or App 519, 651 P2d 182, *rev den* 294 Or 212

(1982). A court must have information enabling it to make an independent judgment whether there is 'immediate and serious risk of dangerous or disruptive behavior.' *State v. Moore, supra,* 45 Or App at 840."

*See State v. Bird,* 59 Or App 74, 77-78, 650 P2d 949 (1982).

■     The fact that defendant was charged with two assaultive crimes, without more, does not support an inference that he posed an immediate and serious security risk. *See State v. Kessler,* 57 Or App 469, 474, 645 P2d 1070 (1982). The judge did not find, and the record does not show, that defendant posed an immediate or serious risk. Lacking that, the denial of his mistrial motion was error. On the record here, we cannot say that the error was harmless.[1] *State v. Stilling,* 285 Or 293, 590 P2d 1223, *cert den* 444 US 880 (1979); *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

Reversed and remanded for new trial.

---

[1] The jury was required to consider two conflicting versions of what had occurred, that of Affolter, the alleged victim, and that of defendant. There were no other witnesses to the alleged crimes. The state argues that there was other evidence that corroborated Affolter's version, inconsistencies in defendant's version and questions about the credibility of defendant's witnesses' testimony. We are not persuaded by the state's argument.