ROBERT LARRY GUINN,
*Appellant,*

*v.*

CUPP,
*Respondent.*

(134,946; CA A34802 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT LARRY GUINN,
*Appellant.*

(121,177, 121,176; CA A36416, A36417)
(Cases Consolidated)

733 P2d 85

Steven H. Gorham, Salem, for the motion.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, appeared contra.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

Petitioner moves for reconsideration of *Guinn v. Cupp,* 80 Or App 125, 720 P2d 1330 (1986), on the ground that we misconstrued the post-conviction court's memorandum opinion and order. We grant the motion, withdraw our former opinion and reverse.

In 1981, petitioner was convicted by a jury of assault in the first degree and assault in the second degree. He was shackled during the trial. He appealed the convictions, alleging that his constitutional and statutory rights were violated, because his motions to dismiss charges and suppress evidence had been denied. The judgment was affirmed. *State v. Guinn,* 56 Or App 412, 642 P2d 312 (1982). Petitioner then sought post-conviction relief, stating three claims: (1) he was denied the assistance of effective counsel under both the state and federal constitutions; (2) his statutory and constitutional rights were denied, because he was shackled in front of the jury; and (3) the trial judge was prejudiced against him.

The problem in our previous opinion resulted because it appeared from the post-conviction court's opinion and findings of fact that the court ruled against petitioner on the ineffective assistance of counsel claim. However, a closer examination of the petition for post-conviction relief, the post-conviction court's opinion and additional clarification from the parties reveals that the ineffective assistance of counsel claim can be interpreted as being based on two grounds: (a) petitioner's attorney did not raise the shackling issue on direct appeal; and (b) he did not file a petition for review in the Supreme Court. The post-conviction court ruled against petitioner on part (b) but, contrary to a statement in our previous opinion, ruled for him on part (a). The post-conviction court combined consideration of the ineffective assistance of counsel shackling claim with the claim that the shackling violated petitioner's constitutional rights and held for petitioner. In the additional clarification that we received from the parties, the state concedes that this is a correct interpretation.

The post-conviction court held a hearing, heard testimony and received exhibits pursuant to ORS 138.620.[1]

---

[1] ORS 138.620(2) provides, in part:

"If the [post-conviction] petition states a ground for relief, the court shall decide the issues raised and may receive proof by affidavits, depositions, oral testimony or other competent evidence."

Although the court ruled against petitioner on the issue of whether the trial judge was prejudiced against him, it overturned the conviction on the shackling issue. The court concluded that it was "satisfied that the record in this case does not establish a sufficient factual basis for the exercise of the trial judge's discretion [to shackle the prisoner] under *State v. Kessler,* 57 Or App 469[, 645 P2d 1070] (1982), and the cases decided thereafter." Rather than grant a new trial, however, the court remanded the case to the original trial judge for a hearing to determine whether there was a factual basis for the necessity of shackling.

On remand, the original trial judge conducted a hearing and found that there was a showing of necessity for the shackling and reinstated the conviction.[2]

Petitioner appeals the post-conviction court's remand procedure and the findings of the trial court on remand. He raises five assignments of error. We find it necessary to address only the contention that the post-conviction court erred by remanding to the trial court rather than granting a new trial.

■■ The right to be free from physical restraint at trial has long been recognized in Oregon. *State v. Smith,* 11 Or 205, 8 P 343 (1883). However, a trial judge has discretion to order that a defendant be shackled while in the courtroom, if there is substantial evidence of an immediate and serious risk of dangerous or disruptive behavior or escape. *State v. Moore,* 45 Or App 837, 609 P2d 866 (1980); *State v. Glick,* 73 Or App 79, 697 P2d 1002 (1985). We clarified the scope of the trial judge's

---

[2] On remand, the original trial judge heard testimony that, before petitioner's 1981 trial, the district attorney had advised him, in chambers, that petitioner was regarded by the security force at the penitentiary as a disciplinary problem, as well as a severe escape risk. Further, he had escaped in 1978 while being transported to the Marion County Courthouse and again in 1979 from a county jail. He had also been convicted of murder in California. One or more penitentiary informants had advised the penitentiary staff that petitioner was going to attempt to escape at some time during his trial.

The dissent says this hearing was "full and fair." The original trial judge should have been apprised of facts justifying shackling and have made findings in the original trial. What he knew and what he would have then found was the issue in the post-conviction case.

The trial judge, who should have been a witness in the post-conviction case, was, in the remand hearing, ruling on an issue in which his own credibility was subject to question. Under our system, that cannot be a fair hearing.

discretion and described the record that must be made in *State v. Kessler, supra,* 57 Or App at 473:

> "An exercise of discretion is a judicial decision which must be based on an independent analysis of the factors that go into the decision. * * * [I]f the judge neither receives nor evaluates relevant information, he has not exercised judicial discretion. The trial court must make a record of the information received as a basis for the decision in order for this court to review the exercise of discretion."

*See also State v. Schroeder,* 62 Or App 331, 661 P2d 111, *rev den* 295 Or 161 (1983). A conclusory statement by a prosecutor at the original trial that defendant presented a security risk was not sufficient for the trial court to require shackling during trial. *State v. Bird,* 59 Or App 74, 650 P2d 949 (1982); *State v. Kessler, supra,* 57 Or App at 473.

■ We agree with petitioner that remanding to the trial court for an evidentiary hearing and a determination of the necessity for shackling was improper. Had petitioner raised that issue on direct appeal to this court, we would have granted a new trial under the law in *Kessler.* Once the post-conviction court determined that an inadequate record had been made in the trial court to justify the shackling and that petitioner had been denied effective assistance of counsel by counsel's failure to raise the issue on direct appeal, petitioner was entitled to a new trial, as a matter of law.

Motion for reconsideration allowed; former opinion withdrawn; reinstatement of conviction by trial court reversed; judgment of post-conviction court reversed; remanded with instructions to remand to trial court to grant a new trial.

**ROSSMAN, J.,** dissenting.

Although I agree with the majority that the post-conviction court ruled that the shackling issue was not raised by petitioner's defense counsel on direct appeal,[1] I disagree with

---

[1] Although it is not raised by either party, in my opinion the trial court's error was harmless. In other words, petitioner's defense counsel did not err in failing to raise the shackling issue on appeal.

In *State v. Schroeder,* 62 Or App 331, 338, 661 P2d 111, *rev den* 295 Or 161 (1983), we determined that the trial record failed to show a substantial necessity for requiring the defendant to wear leg shackles at his trial. However, because of the overwhelming

its conclusion that it necessarily follows that petitioner is entitled to a new trial as a matter of law. In my opinion, once the post-conviction judge determined that the trial record did not establish a sufficient factual basis for shackling, he should have continued the hearing to determine whether shackling was, in fact, necessary. If he had found that shackling was not necessary, he should then have granted petitioner a new trial. If, however, he had found that shackling was necessary, as the original trial court subsequently found on remand, he should have denied petitioner post-conviction relief.

Common sense dictates that a procedural error, such as the trial court's failure to designate properly in the trial record the factual basis supporting his order to shackle petitioner, does not require a new trial when it is later shown at an independent factfinding hearing that the procedural error did not prejudice the defendant. The substantive issue is whether petitioner was unnecessarily shackled. A new trial is not required to make that determination.

A similar approach was followed by the Supreme Court in *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964). The defendant, who had been convicted by a jury of murder, contended that the trial court had erred in admitting his oral confessions "for the reason that the admissions were not voluntary and were secured from him in violation of his right to

---

evidence of guilt, we concluded that the error was harmless beyond a reasonable doubt and affirmed the defendant's conviction. I believe that the trial court's error was harmless in this case for the same reason, as evidenced by our recitation of the state's case in petitioner's appeal:

"Defendant was an inmate at the Oregon State Penitentiary when two prison guards were assaulted by an inmate wielding a metal pipe. Waterman, one of the guards assaulted, testified he was on the fourth tier of the prison cell block preparing to lock the inmates in their cells. He was accosted by two inmates; one had an ice pick-type knife and the other had a metal pipe. Waterman later positively identified defendant as the inmate with the pipe. The other inmate ordered Waterman to give him the cell block keys. When Waterman attempted to grab the inmate, defendant struck him with the pipe two or three times. He fell down the stairs to the landing on the third tier. As he rolled over onto his back, defendant was standing over him with the pipe and struck him two or three times. Waterman grabbed defendant's pants leg. Beers, the victim of the other assault, testified that he heard a warning whistle and ran to the third tier of the cell block. He saw defendant striking Waterman with a metal pipe. He grabbed defendant, who turned and struck him two or three times with the pipe. Defendant was finally subdued. Another guard who was on the fourth tier witnessed the assault on Waterman and identified defendant as the assailant with the pipe." *State v. Guinn,* 56 Or App 412, 414, 642 P2d 312 (1982).

due process of law under the United States Constitution." 238 Or at 593. The Supreme Court ruled that, in view of the then recent United States Supreme Court opinion in *Jackson v. Denno,* 378 US 368, 84 S Ct 1774, 12 L Ed 2d 908 (1964), the trial court had erred in admitting the confession without first "fully and independently" resolving the issue of voluntariness. However, rather than simply remanding for a new trial, it allowed the state the opportunity to elect between a hearing by the trial court to determine whether the defendant's confessions were voluntary or a new trial.

The court stated that, if the state elected to prove that the confessions were voluntary,

"the trial court shall hold a hearing and determine whether [the defendant's] confessions were voluntary. If the court finds the confessions were voluntary, it shall make an appropriate finding and enter a new judgment of conviction based on said finding and the verdict heretofore returned by the jury." 238 Or at 604.

If the trial court were to find that the defendant's confessions were not voluntary, it was instructed that the state was to be granted the option of retrying the defendant or releasing him from custody. *See also State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1982).

I see no reason why it would have been inappropriate for us on direct appeal to remand the case to the trial court for a similar factfinding hearing to determine whether shackling was necessary, if petitioner's defense counsel had raised the issue on appeal.[2] Therefore, because the post-conviction judge was fully authorized to conduct such a hearing himself, I believe that he should have done so. Accordingly, I agree with the majority that the post-conviction judge erred in remanding the case to the trial court to conduct the requisite factfinding hearing.[3] However, because petitioner did receive a full and fair hearing by the original trial court on remand from the

---

[2] To the extent that this conclusion is inconsistent with our holding in *State v. Kessler,* 57 Or App 469, 645 P2d 1070 (1982), I would overrule that opinion.

[3] The post-conviction judge, who was from a different judicial district, was assigned to hear this case. Although he implicitly concluded that further factfinding was required, he should have done it rather than delegate that task to a different court.

post-conviction court,[4] I would hold that the post-conviction court's error was harmless.

---

[4]The issue on remand to the trial court was not the trial judge's credibility, as the majority seems to imply. Rather, the issue was whether a sufficient factual basis existed at the time of trial to support the judge's order that defendant remain shackled. Therefore, because the trial judge had no independent knowledge of the need for shackling before the issue was raised at trial, his testimony was not required on remand to determine whether shackling was necessary. Furthermore, the post-conviction judge determined that the trial judge was not prejudiced against defendant.