Submitted June 11, reversed and remanded October 13, 2021

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# ROXANNE CHAIX OSBORN,
*Defendant-Appellant.*

Coos County Circuit Court
19CR37140; A172692

499 P3d 61

Defendant was convicted of first-degree forgery, ORS 165.013 (Count 1) and first-degree criminal possession of a forged instrument, ORS 165.022 (Count 2). On appeal, she argues, among other contentions, that the trial court erred when it applied an incorrect legal standard when ordering that she be physically restrained in court. The state counters that she failed to preserve that argument and that the Court of Appeals should not address it on the merits. *Held*: Defendant preserved the issue, the trial court erred in its application of the standard for use of a restraint, and the error was not harmless.

Reversed and remanded.

Martin E. Stone, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

Defendant was convicted of first-degree forgery, ORS 165.013 (Count 1) and first-degree criminal possession of a forged instrument, ORS 165.022 (Count 2). The jury was nonunanimous on Count 1 and unanimous on Count 2. Defendant appeals, raising five assignments of error. We reject her second and third assignments of error without further written discussion. Her first assignment of error asserts that the trial court erred when it applied the incorrect legal standard when ordering that she be physically restrained in court. The state counters that she failed to preserve her argument and that we should not address it on the merits. We conclude that defendant preserved the issue and that the trial court erred in its application, and we conclude that the error was not harmless. Accordingly, we reverse and remand on that basis and do not reach defendant's assignments of error based on the nonunanimous jury instruction and verdict.[1]

We begin by addressing the first assignment of error. The charges in this case arose from an incident where defendant was reported for attempting to use a counterfeit $100 bill at a Dairy Queen in Coos County. Before trial, defendant raised the issue of physical restraints in the courtroom and argued in her motion *in limine* that she objected "to any future shackling in public or in court," asserting that the use of any shackles was unconstitutional. In response, the state objected

> "to any exceptions being made regarding the shackling of the defendant except for a jury trial. *** The Honorable Judge Richard Barron, former presiding judge of the Coos County Circuit Court, has previously ruled that such cases [out] of the Ninth Circuit regarding prisoner shackling are

---

[1] In her fourth and fifth assignments or error, defendant argues that the trial court erred in instructing the jury that it could reach a nonunanimous verdict and in accepting a nonunanimous verdict on Count 1. The state concedes that the trial court erred by instructing the jury that it could reach nonunanimous verdicts and by receiving a nonunanimous guilty verdict on Count 1 and that Count 1 should be reversed and remanded as a result. However, the state asserts that the trial court's error does not require reversal of the jury's unanimous guilty verdict on Count 2. The state is correct in its analysis. *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020). However, because we reverse and remand for a new trial on other grounds, we do not address those arguments.

not binding on this court. Therefore, the defendant is not entitled to any treatment different from any other inmate in the Coos County Jail's custody."

The court briefly addressed defendant's argument at a pretrial hearing, noting that she would "not be restrained at all during the trial" and that the jury was "not going to see restraints." Shortly after that determination by the trial court, defense counsel informed the court that defendant would not be called as a witness.

On the day of trial, defendant was brought into the courtroom in a leg restraint that limited her ability to bend her knee. She was able to sit and stand without noticeable difficulty, and the restraint was concealed by her clothing. Nevertheless, she objected to the restraint and moved for a mistrial following *voir dire*. She indicated that she could not wear what she had brought to wear because it showed the leg restraint and revived the argument asserted in her motion *in limine* "that a leg brace even one that's covered up by clothing is a violation of [*United States v. Sanchez-Gomez*, 859 F3d 649 (9th Cir 2017), *vac'd and rem'd*, 138 S Ct 1532, 200 L Ed 2d 792 (2018)]." Defendant also cited *Taylor v. Kentucky*, 436 US 478, 98 S Ct 1930, 56 L Ed 2d 468 (1978), stating:

> "We must guard against any gradual erosion of the principle it presents rather in practice or appearance. This principle safeguards our most basic Constitutional liberties including the right to be free from unwarranted restraints, cites, [*Deck v. Missouri*, 544 US 622, 125 S Ct 2007, 161 L Ed 2d 953 (2005)]. I'm asking that [defendant] not be required to wear a leg brace restraint in the courtroom[.]"

The state renewed its response to defendant's motion *in limine* and concluded that the case law cited by counsel conflicted with Coos County precedent. The court responded, "I told them not to shackle her[]" but inquired about the leg restraint. The courtroom deputy responded,

> "It's a security device that we use whenever we have an individual who is either facing prison time or is currently incarcerated or in prison. It limits their mobility so that they aren't able to attempt to escape and it's concealed.
>
> "* * * * *

"It's an alternative to where there's no shackles, no showing, no prejudice to the jury."

After hearing the deputy's explanation, the court denied defendant's motion for mistrial and her motion to have the leg restraint removed. The court determined that it was not going to take any further action and noted for the record that defendant did not have any shackles on her hands, that it had not noticed any inability to stand, that movement was not restricted, that the leg restraint was not visible to the jury, and that it did not impede defendant's participation in the trial.

Later in the trial, the court conducted a colloquy regarding defendant's decision not to testify. It explained that the decision must be defendant's and inquired whether anyone had forced or pressured her not to testify. She responded that it was her decision and that no one had forced or pressured her into the decision.

We begin our analysis with the question of preservation. Defendant contends that she preserved an objection to the use of restraints when she asked not to be restrained in the courtroom before trial. Specifically, she asserts that she argued that the use of restraints during a criminal trial is unconstitutional, and cited cases that provided the proper analysis for addressing the due process issue under federal law and the United States Constitution; she argues that those arguments, in the context of the state's response and the court's ruling, were sufficient to preserve her appellate argument that the trial court abused its discretion when it authorized the use of restraints by means of the wrong legal evaluation. She maintains that the state was required, in response to her objections, to create a record to justify the use of restraints and that it failed to do so.

In response, the state contends that defendant's objections were insufficient to preserve the argument she now makes on appeal because they were general objections that did not mention the need for factual findings or further development of a record to show that she posed an immediate and serious risk of dangerous or disruptive behavior and that the leg restraint was the least restrictive means to mitigate that risk. We conclude that defendant's arguments

were sufficient to satisfy the policies underlying the preservation requirements.

The general requirement that an issue must first be presented to the trial court to be considered on appeal is well-settled. *See, e.g.*, *State v. Laundy*, 103 Or 443, 509-10, 206 P 290 (1922); ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court[.]"). The preservation rule is a pragmatic one that "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). The rule also ensures fairness to opposing parties by requiring that "the positions of the parties are presented clearly to the initial tribunal" so that "parties are not taken by surprise, misled, or denied opportunities to meet an argument." *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995).

While raising a specific argument may be significant to our court, what is essential is that the issue is raised. *See State v. Weaver*, 367 Or 1, 17, 472 P3d 717 (2020). Moreover, "[p]recisely what suffices to '*present clearly*' a particular position * * * is not something that can be explained by a neat verbal formula." *State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011) (emphasis added). Ultimately, preservation will turn on whether the court concludes that the policies underlying the rule have been sufficiently served. *Id*.

In this case, the underlying policies were sufficiently served. Defendant relied on federal due process law, which suffices to raise a due process issue and implicates all this court's due process case law on the subject. Defendant raised the issue twice, first in her memorandum in support of her motion *in limine*, after which the trial court ruled that she would not be restrained during trial. She raised the issue a second time after *voir dire*, and both times argued that any shackling in the courtroom would be unconstitutional, relying on *Sanchez-Gomez*, a case which held that due process was violated by a district-wide policy of routinely shackling all pretrial detainees without providing a particularized basis, such that a compelling government purpose would be

served and that shackles are the least restrictive means for maintaining security and order in the courtroom. 859 F3d at 661.

Additionally, the grounds for defendant's second objection were apparent to the trial court from the context. The legal standard regarding the use of shackles or restraints in court is clearly established; as discussed below, there is an extensive body of Oregon case law addressing those concerns, along with the federal case on which defendant relied, and the trial court's statements indicate that it understood the basis of defendant's objection. We conclude that defendant's arguments gave the court and the state a sufficient opportunity to meet and consider the issue.

We turn to the merits. Defendant argues that the trial court violated her constitutional rights by requiring her to wear a leg restraint without a record to support the requisite findings that she posed an immediate and serious risk of dangerous or disruptive behavior and that the restraint was the least restrictive means to mitigate any such risks. She maintains that the error was not harmless and that her decision not to testify does not demonstrate that the restraint did not hinder her participation in her trial or affect her decision whether to take the stand as a witness. The state counters that any error was harmless because (1) the leg restraint was not visible and so could not have impinged on the presumption of innocence or the dignity of the proceeding; (2) the record does not reflect that the restraint affected defendant's decision regarding whether to take the stand as a witness; and (3) there is little likelihood that the restraint inhibited her ability to consult her attorney. We conclude that the trial court erred and that any error was not harmless.

This court reviews a trial court's order requiring that a defendant wear a restraint during trial for an abuse of discretion. *State v. Washington*, 355 Or 612, 618, 330 P3d 596 (2014), *cert den*, 574 US 1016 (2014). Oregon has long recognized the "right of an accused to be free from physical restraint during a criminal trial." *State v. Wall*, 252 Or App 435, 437, 287 P3d 1250 (2012), *rev den*, 353 Or 280 (2013). That right "has common-law and constitutional

underpinnings." *Id.* "Specifically, physically restraining a defendant implicates Article I, section 11, of the Oregon Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Id.*

That right, however, is not absolute. A trial court has the discretion to order a defendant to wear restraints if there is evidence of an "immediate and serious risk of dangerous or disruptive behavior." *State v. Moore*, 45 Or App 837, 839-40, 609 P2d 866 (1980). To exercise that discretion, the court must first make a record of the relevant information it has received and evaluated and then must make an independent determination that restraint is justified. *State v. Kessler*, 57 Or App 469, 473, 645 P2d 1070 (1982). Even if restraints are not visible to the jury, the state must adduce evidence that would permit the court to make a determination of risk. *See Wall*, 252 Or App at 442. We examine the trial court record to determine if there is evidence providing a particularized basis to require a defendant to wear restraints. *Id.* at 439.

Here, the record does not provide such a particularized basis to support the court's exercise of discretion. The court made no inquiry into defendant's past criminal history or any basis for concluding that she posed any risk. Instead, the court approved use of the leg restraint based on the deputy's explanation that leg restraints were used "whenever" a defendant was incarcerated or facing a prison sentence and his observation that the restraint was concealed by defendant's clothing and did not pose obvious difficulty to her sitting and standing. That explanation did not establish a basis for finding that defendant posed a risk, and the trial court's uncritical acceptance of it did not reflect an independent determination that restraint was justified. *See id.* ("Although a sheriff's deputy *** may provide helpful and necessary information in order to assist in the assessment of the risk posed by an unrestrained defendant, the trial court may not simply accept the conclusions of others; it must make an independent determination that restraint is justified."). Moreover, the state's reliance on a policy treating all jail inmates the same did not support the court's exercise of discretion to allow use of a restraint, given that the court's determination must be based on an assessment

of risks posed by a particular defendant. Accordingly, the trial court abused its discretion in allowing use of the leg restraint.

We turn to the question of whether the trial court's error was harmless. Under the Oregon Constitution, an error is harmless if there is little likelihood that it affected the verdict. *State v. Davis,* 336 Or 19, 28, 77 P3d 1111 (2003). Under the federal constitution, the state bears the burden to prove that the error was harmless beyond a reasonable doubt. *State v. Walton*, 311 Or 223, 231, 809 P2d 81 (1991); *see also Deck*, 544 US at 623 (applying that rule in the shackling context and citing *Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967)). In considering whether such error can be harmless, we keep in mind three interests protected by the rule prohibiting the use of restraints: the jury's fact-finding function; the defendant's right to participate in her own defense; and the dignity of the judicial process. *State v. Guzek*, 358 Or 251, 272, 363 P3d 480 (2015) (citing *Deck*, 544 US at 631). We have previously held that "the right to remain unshackled is based on considerations beyond the potential for jury prejudice including inhibition of free consultation with counsel." *State ex rel Juv. Dept. v. Millican*, 138 Or App 142, 147, 906 P2d 857 (1995). The rule also considers the effect such restraints have upon a defendant's decision to take the stand. *Kessler*, 57 Or App at 472. Additionally, the "'removal of physical restraints is also desirable to assure that every defendant is *** brought before the court with the appearance, dignity, and self respect of a free and innocent [person].'" *Id*. (quoting *People v. Duran*, 16 Cal 3d 282, 290, 127 Cal Rptr 618, 545 P2d 1322, 90 ALR 3d 1 (1976)). We also have stated that restraint of a defendant during trial without substantial justification results in manifest prejudice. *State v. Glick*, 73 Or App 79, 82, 697 P2d 1002 (1985); *State v. Schroeder*, 62 Or App 331, 337-38, 661 P2d 111, *rev den*, 295 Or 161 (1983).

Here, we conclude that the state did not prove that the error was harmless beyond a reasonable doubt. The record regarding this issue is sparse. Both parties agree that the leg restraint was not visible to the jury, and the record shows that defendant decided not to take the stand shortly after the court's initial ruling that she would *not* be

restrained during trial. Defendant confirmed her decision later, after the court authorized the leg restraint, which, in the state's view, reflects that her decision not to testify was not affected by the authorization of restraints—but the record does not establish beyond a reasonable doubt that that was the case, particularly given that defendant was unable to wear the clothes she brought for trial because they did not conceal the leg restraint.

Moreover, although the state argues that defendant was not inhibited from participating in trial and consulting her counsel, there is no evidence in the record demonstrating that assertion beyond a reasonable doubt. The record reflects that the restraint interfered with defendant's ability to bend her knee. The trial court stated that defendant was able to stand and sit and consult with her attorney without noticeable interference, but that was an observation made after only *voir dire*, and not after defendant had to attend an entire trial in a restraint that interfered with ability to bend her knee, during which she was likely required to stand, sit, and consult with her attorney many times. We also reiterate that defendant was unable to present herself to the jury as she intended, because she could not wear the clothes she wanted and hide the restraint from the jury— that is, if defendant had presented herself as she intended, the restraint would have been visible to the jury. We will not conclude that the error here was harmless based on speculation from an insufficient record. Under the federal rule, the state is required to prove the error was harmless beyond a reasonable doubt, and it has not done so. *See, e.g.*, *Kessler*, 57 Or App at 475 (reversing and remanding for a new trial when the record was insufficient to determine if the error in shackling the defendant was harmless beyond a reasonable doubt).

We also note that we are deeply troubled that the trial court allowed a blanket restraint rule to be employed in the courtroom, without *any* concerns particularized to defendant, and that that rule was supported by the state, when such a rule is manifestly unconstitutional. *Wall*, 252 Or App at 442 ("[F]or purposes of the threshold showing that is required before restraints may be lawfully imposed, the distinction between visible and nonvisible restraints is,

indeed, one without a difference."). Employing a manifestly unconstitutional blanket restraint rule impinges on the dignity of judicial proceedings and the presumption of a defendant's innocence, whether or not it was *obvious* to the jury that defendant was in restraints. Defendant should have been afforded the appearance, dignity, and self-respect of a free and innocent person to which she was entitled.

Reversed and remanded.