Argued and submitted December 20, 1991, affirmed July 22, 1992, reconsideration denied January 13, petition for review denied January 26, 1993 (315 Or 312)

## STATE OF OREGON,
*Respondent,*

*v.*

## MURRELL DEAN KELLEY,
*Appellant.*

(90C20306; CA A68697)

835 P2d 145

James F. Evans, Salem, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions, after trial by jury, for robbery in the first degree with a firearm, ORS 164.415, unauthorized use of a motor vehicle, ORS 164.135, attempting to elude a police officer, ORS 811.540, and reckless driving. ORS 811.140. He was acquitted of being a felon in possession of a firearm. ORS 166.270. He argues that the jury's verdicts were internally inconsistent and that the court erred by imposing a minimum sentence for the robbery conviction, under ORS 161.610, because he had used a firearm.[1]

Defendant drove into a service station, showed the attendant that he had a handgun and told him to hand over money. The attendant did as ordered, and defendant drove away. Later that day, a deputy sheriff pursued and stopped the car that defendant was driving. In a search, the officer found a handgun with ammunition in it in the car. The officer testified that he had test-fired the gun and that it was operable. Defendant testified that the gun was not operable.

The jury found defendant guilty of robbery in the first degree and not guilty of being a felon in possession of a firearm. After the verdicts were submitted to the court, but before the jury was discharged, the court said:

> "Here's why I'm hesitating. You have found the defendant guilty of Robbery in the First Degree Committed with a Firearm. One of the elements of the crime of Robbery in the First Degree is that a deadly weapon must have been used in the commission of that crime. A deadly weapon as I have defined it is any article, device which is designed for and presently capable of causing death or serious physical injury.

> "I can — I can still, I think, rationalize that finding with the finding that at the time of the defendant's apprehension, you have found him not guilty of being an Ex-convict in Possession of a Firearm, which means in this case a gun which was capable of being used as a weapon.

> "All right. Thank you. Does the State have any cause to show the Court why the jury's verdict should not be received and the jury discharged, [District Attorney]?

---

[1] Although defendant appeals all four convictions, his assignments relate only to the robbery conviction.

"[District Attorney]:   No.

"THE COURT:   [Defense Attorney]? Does the defendant have any such cause to show the Court?

"[Defense Attorney]:   No, Your Honor."

The court received the verdicts and discharged the jury.

■■    Defendant moved for a new trial 10 days after the verdicts were received on the ground that there was an unresolvable conflict in the verdicts. The objection was untimely. *State v. Peaslee*, 59 Or App 519, 651 P2d 182, *rev den* 294 Or 212 (1982), 294 Or 569 (1983). Moreover, defendant specifically said that he had no objection to the verdicts after the court had discussed the potential conflict that he now raises. That was a waiver.

■    Defendant next argues that the court erred by imposing a five-year minimum term of incarceration for use of a firearm during the robbery. He argues that, because it is unclear from his acquittal of being a felon in possession of a firearm whether the gun was operable, he could not be sentenced under ORS 161.610. The minimum term may be imposed under ORS 161.610 if defendant used or threatened to use a firearm "whether operable or inoperable." ORS 161.610(2).

Affirmed.