Argued and submitted September 2, reversed and remanded to the post-conviction court December 22, 1987

# ROBERT LARRY GUINN,
*Respondent on Review,*

*v.*

# CUPP,
*Petitioner on Review.*

(TC 134,946; CA A34802 (Control))

# STATE OF OREGON,
*Petitioner on Review,*

*· v.*

# ROBERT LARRY GUINN,
*Respondent on Review.*

(TC 121,177, 121,176; CA A36416, A36417)
(SC S33917)
(Cases Consolidated)

747 P2d 984

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Steven H. Gorham, Salem, argued the cause for respondent on review.

PETERSON, C. J.

**PETERSON, C. J.**

Post-conviction. The cases before us stem from the trial of two criminal cases in 1981. The appeal is from a post-conviction trial in 1985. Though unusual, the facts are not complicated. (Throughout this opinion we shall refer to the post-conviction petitioner as the defendant.)

*Case number 121,176.* In 1980, the defendant was indicted for assault in the second degree. He was tried in January 1981, found guilty and sentenced.

*Case number 121,177.* In 1980, the defendant was indicted for first degree assault. This case was consolidated with case number 121,176 and the cases tried together. The defendant was tried, found guilty and sentenced in January of 1981. The defendant was shackled during the 1981 trial.

Both cases were appealed to the Court of Appeals. The judgment was affirmed. *State v. Guinn,* 56 Or App 412, 642 P2d 312 (1982). No claimed error was asserted concerning the shackling.

*Case number 134,946.* (The post-conviction court.) In 1982, the defendant filed a petition for post-conviction relief. The petition contains three causes of action. The first cause of action alleges that the defendant's imprisonment is illegal because

"* * * the petitioner was denied the assistance of effective appellate counsel under the sixth and fourteenth amendments to the Constitution of the United States and under Article 1 Section 11 of the Constitution of the State of Oregon in that petitioner's appellant [sic] counsel, even after being instructed to do so by petitioner,

"1. Did not raise the issue that petitioner was denied due process and convicted because he was shackled in the presence of the jury in violation of his rights and;

"2. Did not file a Petition for Judicial Review in front of the Oregon Supreme Court on this case for petitioner."

The second cause of action alleged:

"That petitioner's imprisonment was and is illegal in the proceedings as set forth above and they resulted in a substantial denial of petitioner's rights in violation of ORS 138.530 in that petitioner was denied his statutory and constitutional

rights in that petitioner was shackled in the presense [sic] of the jury throughout his trial."

The third cause of action alleged that the defendant's imprisonment was illegal because he "was not afforded a trial before an impartial and non-prejudiced judge." This claim for relief is not at issue in this court, and we shall not otherwise refer to it. Similarly, the claim concerning the failure to file a petition for review is no longer at issue on this appeal.

The post-conviction trial court issued an opinion that contains the following decision concerning the shackling claim:

"The Court is satisfied that the record in this case does not establish a sufficient factual basis for the exercise of the Trial Judge's discretion under *State vs. Kessler,* 57 Or App 469 (1982) and the cases decided thereafter. It would appear then that under the holding in *Kessler* the Petitioner would be entitled to have his convictions set aside and be granted a new trial upon the charges. The Court feels that there is another remedy that would be appropriate in this case.

"In *State vs. Addicks,* 28 Or App 663 (1977) the Court of Appeals found that the Trial Judge had not made a determination as to whether or not there had been a violation of the discovery statutes and if there were a violation, what sanction should be required in the exercise of the Trial Judge's discretion. The matter was remanded to the Trial Court for a determination. This procedure was followed in *State vs. George,* 56 Or App 1 (1982).

"Although this remand procedure was not used in any of the cited leg shackling cases, it would appear to be an appropriate method of resolving this issue. This was a lengthy trial and many of the witnesses may not now be available. If there was a sufficient factual basis for the shackling, it would serve no useful purpose to have another trial with the Petitioner still shackled in front of the new jury.

"This matter will be remanded to the Trial Court for a hearing to determine the factual basis for the necessity of the leg shackling. If there is a sufficient showing of a substantial necessity as required under *State vs. Kessler,* 57 Or App 469 (1982), the convictions will be upheld. If the Trial Court determines that the facts do not support leg shackling under the recent decisions, a new trial is to be allowed upon the indictments."

Judgment was entered in accordance with the memorandum opinion. The defendant appealed that judgment to the Court of Appeals.

Shortly thereafter, the trial judge in cases 121,176 and 121,177, Clarke C. Brown, conducted a hearing pursuant to the "remand." The court services officer in charge of prisoner transport and court security testified, as did the Marion County District Attorney, Dale Penn, who was the trial lawyer in cases number 121,176 and 121,177. Judge Brown ruled against the defendant on the post-conviction claim and entered a judgment in cases 121,176 and 121,177 that reads in part:

> "IT IS HEREBY ORDERED AND ADJUDGED that there was a showing of substantial necessity to require the defendant to wear ankle cuffs prior to the trial of the above-entitled matter on January 6, 1981; and

> "IT IS FINALLY ORDERED AND ADJUDGED that the Judgment Order entered in the above-entitled matter is fully reinstated pursuant to this Order and the Order of the Honorable Frank D. Knight in Marion County Circuit Court case #134,946, with the defendant receiving credit for time served under the reinstated Judgment Order."

The defendant also appealed these decisions.

The Court of Appeals consolidated the appeals. Initially, the Court of Appeals affirmed the judgments. *Guinn v. Cupp,* 80 Or App 125, 720 P2d 1330 (1986). On reconsideration, the court withdrew its earlier opinion, reversed the judgments and "remanded with instructions to remand to trial court to grant a new trial." *Guinn v. Cupp/State v. Guinn,* 84 Or App 44, 48, 733 P2d 85 (1987).

## DISCUSSION

■ At common law, a criminal defendant had the right to appear at trial free of restraint, absent a substantial showing of necessity for confinement. *State v. Smith,* 11 Or 205, 8 P 343 (1883). This is also a due process right under *Estelle v. Williams,* 425 US 501, 505, 96 S Ct 1691, 48 L Ed 2d 126 (1976); and *Illinois v. Allen,* 397 US 337, 344, 90 S Ct 1057, 25 L Ed 2d 353 (1970). In *State v. Kessler,* 57 Or App 469, 473, 645 P2d 1070 (1982), the Court of Appeals held that a trial court that orders restraint of a defendant in a criminal trial must

"make a record of the information received as a basis for [its] decision."

In its petition for review, the state does not challenge the Court of Appeals' *Kessler* requirement that the factual basis for the trial court's decision be placed on the record. Nor does it dispute that the "remand" by the post-conviction court to the trial court was improper. The state argues, however, that the record now before the court shows that the trial court had an adequate factual basis for shackling the petitioner and that the remand was harmless error because the hearing by the trial court was fair. This was the position taken by Judge Rossman in dissent. In the alternative, the state argues that even if the remand was not harmless error, the Court of Appeals should have remanded the case to the post-conviction court to allow that court to conduct the evidentiary hearing.

The ultimate issue in this case is whether (quoting the defendant's petition for post-conviction relief) the defendant "was denied the assistance of effective appellate counsel * * *" because the counsel on appeal "[d]id not raise the issue that petitioner was denied due process and convicted because he was shackled in the presence of the jury in violation of his rights * * *."

■ That is the ultimate issue. At the threshold, however, we state our agreement with the Court of Appeals that the first post-conviction judge erred in ordering a remand "to the trial court for a hearing consistent with that indicated in [its] memorandum opinion." The post-conviction statutes, ORS 138.510 to 138.680, contain no authority for such a transfer. ORS 138.640 requires that the post-conviction court "[decide] the issues raised in the proceeding * * *" and make "final disposition of the petition."

The main question before us is whether the Court of Appeals erred in holding that "[o]nce the post-conviction court determined that an inadequate record had been made in the trial court to justify the shackling and that petitioner had been denied effective assistance of counsel by counsel's failure to raise the issue on direct appeal, petitioner was entitled to a new trial, as a matter of law." 84 Or App at 48.

Whether the defendant was denied the assistance of effective appellate counsel raises these questions: Could the

claim have been raised on the first appeal? Should the claim have been raised? With what result?

This court has not heretofore discussed the standard of conduct of appellate counsel in meeting the "adequate assistance of counsel" requirements of Article I, section 11, or the Sixth Amendment.

In a recent decision involving adequacy of *trial* counsel, we stated that "[t]he search for a single, succinctly-stated standard, objectively applicable to every case, is a fool's errand." *Krummacher v. Gierloff,* 290 Or 867, 874, 627 P2d 458 (1981). We added (concerning appellate counsel):

> "The performance of certain other functions may be capable of relatively objective assessment. For example, counsel who fails to file notice of appeal within the permissible time has not provided the quality of assistance of counsel which is constitutionally required. *Shipman v. Gladden,* [253 Or 192, 453 P2d 921 (1969)]."

*Shipman v. Gladden* was a post-conviction proceeding in which the attorney prepared and served a notice of appeal but neglected to file it, thus depriving the defendant of his right to appeal. We held that "[t]he failure of counsel to timely file a notice of appeal after he has been requested or agreed to do so is incompetence as a matter of law and a denial of due process [under the Fourteenth Amendment]." 253 Or at 199.

The Court of Appeals, in *DeCosta v. Cupp,* 49 Or App 119, 121, 619 P2d 287 (1980), reached the same conclusion. Even so, relief was denied. The court wrote:

> "There can be little doubt that the failure to file a timely notice of appeal denied the appellant effective assistance of counsel. *See, e.g., Shipman v. Gladden,* 253 Or 192, 453 P2d 921 (1969); *Welch v. Gladden,* 253 Or 228, 453 P2d 907 (1969). However, this does not end the inquiry. There may be circumstances in which it appears that, had a timely notice of appeal been filed, it would have availed defendant nothing. This is such a case."

Even though it may be difficult to state "a single succinctly-stated standard" applicable to trial counsel, we have less difficulty in articulating the standard applicable to appellate counsel. Looking at cases from other states, we see a consistent thread. The Alabama court, in *Ex parte Dunn,*

514 So2d 1300, 1304 n 3 (1987), stated that "courts normally require a petitioner to establish prejudice by showing that there is a reasonable probability of reversal * * * on the issues which the petitioner claims appellate counsel should have raised." *Watson v. United States,* 508 A2d 75, 86 (DC App 1986), declares that the "movant must show that counsel failed to raise an available issue, which, if factually supported, would create the reasonable probability of reversal." *Bush v. Wainwright,* 505 So2d 409, 411 (Fla 1987), asserts that the shortcoming of appellate counsel must be "substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings." The Indiana court, in *Ingram v. State,* 508 NE2d 805, 808 (Ind 1987), held that the post-conviction plaintiff must show that "there is a reasonable probability but for counsel's unprofessional errors, the result of the proceeding would have been different." The New York court in *State v. De La Hoz,* 131 AD2d 154, 158, 520 NYS 2d 386 (1987), stated that the "defendant must show that had the issue been raised a greater likelihood would exist that the judgment would have been reversed, or at least, modified." The Washington Court of Appeals, in *Matter of Frampton,* 45 Wash App 554, 559, 726 P2d 486 (1986), opined that there must be a showing that counsel was ineffective and that there was a reasonable opportunity of success on appeal concerning the issues that would have been raised.

■ A plaintiff seeking post-conviction relief stemming from a claim of inadequate assistance of appellate counsel for failing to assert a claimed error must establish (1) that a competent appellate counsel would have asserted the claim, and (2) that had the claim of error been raised, it is more probable than not that the result would have been different. In short, the post-conviction plaintiff must show that he or she was prejudiced.

The record here contains an affidavit from the defendant's 1982 appellate counsel that states:

"Regarding Mr. Guinn's first allegation, there was some discussion regarding the fact that defendant was in handcuffs, however, I believe this was resolved by the trial court with no prejudice to defendant.

"Since there was, in my opinion, no prejudice I did not raise this issue on appeal."

The post-conviction court found that the claim of error should have been raised, stating:

> "The trial and appeal took place after the decision in *State vs. Moore*, 45 Or App 837 (1980), but before the decision in *State vs. Kessler*, 57 Or App 469 (1982). The Petitioner's appellant [sic] counsel, Marvin Kuhn, in his affidavit (Exhibit 'D') indicates that he did not raise the shackling issue because he felt it was resolved by the Trial Court with no prejudice to the Defendant. Mr. Kuhn apparently understood the extent of the shackling and felt that under the *Moore* decision restraints during a trial were within the discretion of the Trial Court. It is apparent that after the *Kessler* opinion counsel would have examined the record more fully and raised the issue on appeal.

> "This issue could have been raised on the initial appeal and should have been under the recent case of *Reynolds vs. Cupp* (decided December 19, 1984)."

The question then becomes: If the claim had been raised on the first appeal, what would have been the probable result? The post-conviction trial court could have considered this question but did not do so, and we cannot say that the record provides the answer.

In order to raise the shackling issue on the first appeal, appellate counsel would have been required to raise the claim as an assignment of error. The record from the 1981 trial shows that the defendant was shackled, so the record was sufficient to raise the issue. The Court of Appeals correctly pointed out that the record did not show the basis for the trial court's decision in order for the appellate court to review the exercise of discretion. But that does not end the inquiry.

We do not know what the result would have been had the post-conviction trial court properly considered this case. Beyond question, the defendant made a prima facie case that would support post-conviction relief. Instead of considering what the result would have been on appeal, however, the post-conviction trial court remanded the case to the 1981 trial court. As stated, this was error.

In a post-conviction case based upon inadequate appellate counsel, the post-conviction court would determine what the probable result on appeal would have been, had the issue been raised. In this sense, the post-conviction trial is

akin to the "suit within a suit" situation that exists in a civil case against an appellate lawyer for the alleged failure to raise a point on appeal, *see Chocktoot v. Smith,* 280 Or 567, 574-75, 571 P2d 1255 (1977), and the post-conviction court should write an opinion accordingly.

■ In a post-conviction case involving a claim of inadequate assistance of appellate counsel for failure to raise the shackling issue on appeal, the post-conviction plaintiff would make a prima facie case simply by showing that he or she was shackled during the trial and that no record was made in the trial court to support the decision to shackle. It would then be up to the defendant to produce evidence that the result on appeal would not have been different had the shackling issue been raised on appeal. The state asserts that this case should be remanded to the trial court for the purpose of making a record on the shackling issue. There is authority for such a remand. *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964), was a "delayed appeal" (*see* 238 Or at 592-93) in which the trial judge submitted the question of the voluntariness of a confession to the jury under then proper practice. *Jackson v. Denno,* 378 US 368, 84 S Ct 1774, 12 L Ed 2d 908 (1964), disapproved that procedure. In *Brewton,* we stated that *Jackson v. Denno* "requires us to vacate the judgment of conviction against Brewton." 238 Or at 599. However, rather than reversing the conviction outright, we remanded the case to the trial court "for further proceedings, which may be, at the election of the state, either (1) a hearing by the trial court to determine whether Brewton's confessions were voluntary, or (2) a new trial." 238 Or at 602-03.

A similar procedure would be appropriate here if we were considering this case on direct appeal. We likely would, upon proper motion, direct a remand to the trial court either to (1) permit the trial court to make a record to support the decision to shackle, based on facts made known to and considered by the trial court in making the decision to shackle, but not made a part of the record, or (2) to order a new trial. Where, as here, the issue does not concern evidence relating to the defendant's guilt or innocence, but concerns a trial court's decision on a procedural matter (such as the decision to shackle) and where, as here, it appears that the matter was considered by the trial court off the record, it is appropriate to

remand to the trial court to hold a hearing and make findings on the issue.

In a sense, the post-conviction court here invoked a *Brewton* solution. For the reasons stated above, however, it had no such authority. The post-conviction court itself should have considered and decided what the likely result would have been had the claim of error been asserted on the first appeal.

We therefore reverse the decision of the Court of Appeals, vacate the decisions of both trial courts and remand to the post-conviction court (case number 134,946). Upon remand, the state may elect (1) to request the entry of an order for a new trial in cases 121,176 and 121,177, or (2) to request a hearing before the post-conviction court to determine whether it is more probable than not that the result of the first appeal would have been different had the shackling claim been raised on the first appeal.[1]

The decision of the Court of Appeals is reversed. The later judgments in cases 121,176 and 121,177 are vacated. The judgment in the post-conviction case, 134,946, also is vacated. Case 134,946 is remanded to the post-conviction court for further proceedings. The 1981 judgments of convictions in 121,176 and 121,177 remain effective pending final disposition of the post-conviction case (134,946).

Reversed and remanded to the post-conviction court.

---

[1] Except as stated in the text at page 13, we express no opinion as to what the result should be in that hearing, nor do we express any opinion as to the evidence that the court might receive, other than to point out that ORS 138.630 provides:

"In a proceeding pursuant to ORS 138.510 to 138.680, events occurring at the trial of petitioner may be shown by a duly authenticated transcript, record or portion thereof. If such transcript or record cannot be produced, the affidavit of the judge who presided at the trial setting forth the facts occurring at the trial shall be admissible in evidence when relevant. * * *"