## ROBERT LARRY GUINN,
*Appellant,*

*v.*

## CUPP,
*Respondent.*

### (134,946; CA A50831)

791 P2d 141

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## NEWMAN, J.

Petitioner appeals from a judgment that denied him post-conviction relief on remand from the Oregon Supreme Court after extensive post-conviction proceedings. *Guinn v. Cupp,* 304 Or 488, 747 P2d 984 (1987). He assigns as error the court's finding that he was not denied effective assistance of appellate counsel. We affirm.

The procedural history of this case is set out in *Guinn v. Cupp, supra.* In his original criminal trial, petitioner was shackled. A jury found him guilty of Assault I and Assault II. On direct appeal to this court, his attorney did not raise an issue about petitioner's having been shackled during the trial. We affirmed the convictions. 56 Or App 412, 642 P2d 312 (1982). Post-conviction proceedings followed.

Pursuant to the Supreme Court's remand, the state could elect to request (1) the entry of an order for a new trial on both assault charges or (2) a hearing before the post-conviction court to determine whether it is more probable than not that the result of the direct appeal from the original criminal convictions would have been different had the attorney raised the shackling issue. *Guinn v. Cupp, supra,* 304 Or at 499. The state elected the latter alternative.

After that hearing, the post-conviction court found that, at the time of the original criminal trial, petitioner was violent and dangerous, that he had twice escaped from custody and committed crimes while on escape, including a murder, and that the criminal trial court had information that the state deemed that petitioner was an escape risk. The post-conviction court's findings are unchallenged. Its conclusions of law say:

"1.   Based on the information made known to and considered by the trial court judge in his decision to shackle petitioner at trial, the requirement that the petitioner wear leg shackles throughout the trial was proper under the decisions of the court of appeals in *State v. Kessler,* 57 Or App 469[, 645 P2d 1070 (1982),] and *State v. Peaslee,* 59 Or App [519, 651 P2d 182 (1982)].

"2.   Based on the information made known to and considered by the trial court judge in his decision to shackle the petitioner at trial, it is more probable than not that had the shackling issue been raised in the original appeal, the issue

would ultimately have been resolved against the petitioner and in favor of the state. Petitioner, therefore, was not denied his right to effective assistance of appellate counsel guaranteed him under the sixth and fourteenth Amendments to the Constitution of the United States, and under Article I, Section 11 of the Constitution of the State of Oregon."

We agree with the post-conviction court that it was within the discretion of the criminal trial court whether to shackle petitioner. It is also more probable than not that, had petitioner's counsel raised the shackling issue in the appeal from the criminal convictions, the result would not have been different. Accordingly, the post-conviction court did not err.

Affirmed.