980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George J. TURNER, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 91-36345.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 30, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George J. Turner appeals the district court's denial of his petition for a writ of habeas corpus. We affirm.
 
 
 3
 * Turner was convicted in state court of second degree rape in violation of an Oregon statute prohibiting sexual intercourse with a female under 14 years of age. ORS § 163.365(1)(b). He was sentenced to ten years incarceration with a four year minimum term.
 
 
 4
 Turner's conviction was affirmed without opinion by the Oregon Court of Appeals, State v. Turner, 702 P.2d 1174 (Or.Ct.App.1985), and the Oregon Supreme Court denied review, 707 P.2d 582 (Or.1985). Turner's petition for post-conviction relief was denied by the Oregon trial court. The Court of Appeals affirmed, Turner v. Maass, 617 P.2d 795 (Or.Ct.App.1990), and the Oregon Supreme Court denied review, 800 P.2d 789 (Or.1990). Turner then filed a petition for a writ of habeas corpus in the district court which was denied.
 
 
 5
 We review a denial of a petition for habeas corpus de novo. See Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc).
 
 II
 
 6
 The state contends that Turner has failed to exhaust available state remedies or that procedural default bars federal review on the issue of whether the polygraph evidence was properly admitted into evidence and on the issue of whether prosecutorial misconduct resulted in the denial of a fair trial.
 
 
 7
 However, a state waives the defense of procedural default unless it raises the issue in district court. Grooms v. Keeney, 826 F.2d 883, 885 (9th Cir.1987). In this case, the state failed to raise the issue of procedural default regarding the admission of the polygraph evidence in district court, and, therefore, has waived the issue. We will consider the polygraph issue on the merits.
 
 
 8
 The state properly raised the defense of procedural default on the prosecutorial misconduct issue. The instances of prosecutorial misconduct which Turner alleges in his habeas petition were not raised in his direct appeal or state post-conviction proceeding. Turner has not demonstrated cause and prejudice, nor has he shown that failure to consider the claim will result in a fundamental miscarriage of justice. Therefore, we are procedurally barred from considering the merits of this claim. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 9
 Assuming arguendo the issue of prosecutorial misconduct was properly before this court, this claim is without merit. The alleged prosecutorial misconduct includes improper introduction of the polygraph, the criminologist's testimony about the blood stain, and the victim's testimony. As discussed below, these claims are without merit.
 
 III
 
 10
 Turner claims that the state trial court violated his right to due process by admitting stipulated polygraph results. However, a state prisoner is entitled to habeas relief only if he or she is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2554; Engles v. Isaac, 456 U.S. 107, 119 (1982). And, the Constitution does not prevent the admission of polygraph evidence. Middleton v. Cupp, 768 F.2d 1083, 1085-86 (1985).
 
 
 11
 Therefore, we affirm the district court finding that Turner's due process rights were not violated by the admission of the stipulated polygraph results.
 
 IV
 
 12
 Turner also claims that he was denied the effective assistance of appellate counsel because the admissability of the stipulated polygraph results was not challenged on appeal.
 
 
 13
 In claiming ineffective assistance of counsel, the defendant has the burden of establishing that counsel's performance was both deficient and prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Guinn v. Cupp, 304 Or. 488, 496, 747 P.2d 984 (1987).
 
 
 14
 Turner has failed to meet this burden. The appellate court decision of State v. Bennett, 521 P.2d 31 (Or.Ct.App.1974), allowing the admission of stipulated polygraph results, reflected the state of the law at the time of Turner's appeal. Although subsequent to Turner's direct appeal, the Oregon Supreme Court held stipulated polygraph results inadmissable, nothing suggests that competent appellate counsel should have known or anticipated that it would do so.
 
 V
 
 15
 Turner contends he was denied a fair trial because his conviction was based on false and perjured testimony.
 
 
 16
 First, Turner contests the use of criminalist Raymond Grisboe's testimony that blood found on the bedspread was consistent with that of Stephanie McNeil, the victim. After the trial, an independent laboratory working for Turner's co-defendant found that the blood stains were inconsistent with the victim's PGM type.
 
 
 17
 Turner claims that the state knew or should have known that the testing procedures it used were incompetent. However, there is nothing to suggest that the state knew or should have known that the tests were inaccurate. Additionally, it is well established that due process is not violated when the state fails to use a particular investigative tool. Arizona v. Youngblood, 488 U.S. 51 (1988).
 
 
 18
 Turner also claims that Stephanie McNeil's testimony was perjured. He supports this claim by arguing that she had been found unbelievable in a prior case and that she was a "habitual runaway, liar, drug and alcohol user." However, Turner had the opportunity to impeach McNeil at trial where evidence was introduced that she had previously made a false accusation of sexual activity, but the jury chose to believe McNeil. Since Turner presents no evidence that her testimony was in fact perjured or that the prosecution knew her testimony was perjured, his mere attack on her credibility does not amount to a habeas violation.
 
 
 19
 Therefore, we agree with the district court's conclusion that Turner has failed to show his conviction was based on false and perjured testimony or that the prosecution knowingly used perjured testimony.
 
 VI
 
 20
 Turner also argues that his conviction was improperly obtained through the use of evidence obtained in an unlawful search and seizure, in violation of his fourth amendment rights. However, this issue was fully litigated in state court and may not properly be raised here. Stone v. Powell, 428 U.S. 465 (1976).
 
 VII
 
 21
 Therefore, we AFFIRM the judgment of the district court denying Turner's petition for habeas corpus.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3