983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Lydell BELL, Plaintiff-Appellant,
v.
OREGON STATE CORRECTIONAL INSTITUTION, et al., Defendant-Appellee.
 No. 91-36349.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 13, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Bell, an Oregon state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action against various prison officials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Bell filed a civil rights action against the Oregon State Correctional Institution and various prison officials. Bell alleged that prison officials denied him access to the courts by negligently causing his trial transcript to be lost, by confiscating affidavits Bell intended to use in his post-conviction action, and by deliberately destroying a document Bell claimed to be legal material.
 
 
 5
 The prison officials moved for summary judgment. Bell opposed the prison officials' motion and moved for partial summary judgment. The magistrate judge found the loss of the trial transcript did not impede Bell's access to the courts. He also found that Bell failed to identify the contents of the lost affidavits or explain why their contents could not be reproduced. Finally, the magistrate judge found the purported "torn legal document" could not be construed as a legal document and that Bell failed to establish how destruction of the document impeded his access to the courts. The magistrate judge recommended that the district court grant the prison officials' motion for summary judgment. Bell objected to the magistrate judge's findings. Pursuant to 28 U.S.C. § 636(b)(1), the district court conducted a de novo review and adopted the magistrate judge's recommendations in their entirety. Bell timely appeals.
 
 II
 Merits
 
 6
 Bell contends the district court erred by granting summary judgment because the magistrate judge's findings and recommendations are contrary to fact and law.[1] This contention lacks merit.
 
 
 7
 If a claim of denial of access to the courts does not involve one of the core requirements discussed in Bounds v. Smith, 430 U.S. 817 (1977), i.e., adequate law library or legal assistance, then the plaintiff must allege actual injury to state a claim. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Actual injury involves some specific instance in which an inmate actually is denied access to the courts. Id.
 
 A. Trial Transcript
 
 8
 Although Bell alleged the prison officials negligently or deliberately caused his trial transcript to become missing or lost, he failed to establish actual injury resulting from the loss.[2] Thus, the district court properly granted summary judgment on this claim. See id.
 
 B. Affidavits
 
 9
 Bell alleged the prison officials deprived him access to the courts by confiscating the affidavits of other inmates. Bell alleged that he had planned to use the affidavits in his state post-conviction action in which he would show he was denied effective assistance of counsel in his direct appeal from his state court conviction.
 
 
 10
 An Oregon state prisoner may be entitled to relief if he received ineffective assistance of counsel in his direct appeal. Hunter v. Maass, 808 P.2d 723, 725 (Or.App.1991), rev. denied, 816 P.2d 610 (Or.1991). To be actionable, the ineffective assistance of counsel must constitute a " 'substantial denial' of constitutional rights of such magnitude that it 'render[s] the conviction void." Id. (citing O.R.S. 138.510(1)(a)). A prisoner seeking post-conviction relief on the ground that he had ineffective assistance of appellate counsel "must establish (1) that a competent appellate counsel would have asserted [a particular] claim [of error], and (2) that had the claim of error been raised, it is more probable than not that the result would have been different." Guinn v. Cupp, 747 P.2d 984, 989 (Or.1987). A prisoner has been "prejudiced if appellate counsel failed to raise an issue for which there is support in the record and which, if it were held to be meritorious, might justify reversal of the conviction." Oregon v. Howard, 711 P.2d 194, 194 n. 2 (Or.App.1985), rev. denied, 717 P.2d 630 (Or.1986).
 
 
 11
 Here, Bell asserted that, without the affidavits of other prisoners, he was prevented from demonstrating that he received ineffective assistance of counsel in his direct appeal. Bell asserted he would have used the affidavits of the other inmates to demonstrate that his appellate counsel used "boilerplate" briefs and was "incompetent in any appeal." The district court was correct in holding that the affidavits would have been irrelevant and, therefore, inadmissible. Moreover, deprivation of the affidavits did not prevent Bell from demonstrating that his appellate counsel failed to raise a particular claim and that such claim probably would have led to a different result.[3] See Guinn, 747 P.2d at 989. Thus, Bell failed to demonstrate how deprivation of the affidavits injured his access to the courts. Therefore, the district court properly granted summary judgment on this claim. See Sands, 886 F.2d at 1171.
 
 C. Legal Document
 
 12
 Bell asserted that a prison official tore up a legal document. The torn document was a "Request/Proposal for the use of the Prison Chapel," which cannot be construed as a legal document. Bell failed to demonstrate how the destruction of this document, a copy of which is included in the district court record, impeded his access to the courts. Therefore, the district court properly granted summary judgment on this claim. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We will not consider any issues Bell raises for the first time on appeal. See Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987)
 
 
 [2]
 The Oregon state judge presiding over Bell's state court habeas corpus proceeding noted that the loss of the trial transcript did not preclude Bell from filing a petition for review with the Oregon Supreme Court. The state judge also noted that if the transcript was confiscated, the court would order it returned and that if the transcript was destroyed, another could be prepared
 
 
 [3]
 During the habeas corpus hearing, OSCI counsel stated that if Bell could identify with particularity the names of any inmates who authored the affidavits, OSCI counsel would arrange a search for the affidavits and would produce them if they were found. Nevertheless, Bell did not furnish OSCI counsel with a list of affiants. Thus, Bell did not take advantage of an opportunity to recover the affidavits. See Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir.1989)