Argued and submitted January 29, affirmed March 20, 2003

EUGENE HOWARD HEMPEL,
*Appellant,*

*v.*

Joan PALMATEER,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

99C-17509; A115504

66 P3d 513

George W. Kelly argued the cause and filed the brief for appellant.

Daniel J. Casey, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

KISTLER, J.

**KISTLER, J.**

Petitioner appeals from a judgment denying him post-conviction relief. He argues that his appellate counsel should have assigned error to one of the trial court's rulings. We affirm.

Petitioner was charged with first-degree sex abuse and first-degree unlawful sexual penetration of an eight-year-old child. At trial, petitioner's defense centered on his claim that no penetration had taken place and that he had not acted knowingly. According to petitioner, if he touched the victim, he did so only in his sleep while having a dream. During closing argument, petitioner's attorney pointed out to the jury that, in the state's case against petitioner,

> "[t]here's no question about [the fact that petitioner touched the victim] and again the evidence is that this is the only time it ever happened, or the only time that [petitioner] has ever had any incident such as this or any accusation such as this his entire life.

> "There's no incident or no testimony of any grooming, as the term is sometimes used, or kind of leading up to this or trying to gain the favor of a small person so that you can get close to them and commit this. Just out of the blue, after living for 58 years, all of a sudden [petitioner] makes a sudden sexual attack on a young girl."

In rebuttal, the state argued:

> "[Petitioner's attorney] mentioned several times that this is the first time that [petitioner has] ever been accused. That doesn't mean this is his first victim. A lot of sex offenders go on for years and years and years without having some child step forward and say this happened to me.

> "Some people accumulate victims in the hundreds. It's incredible. Just because he says he's never been accused before, [petitioner's attorney] wants you to believe, you know, wants you to draw something from that. That was not the issue at trial and you don't know how many victims [petitioner] may have in his background."

Petitioner's attorney objected to that argument, but his objection was overruled. The jury found petitioner guilty of first-degree sex abuse but not guilty of unlawful sexual penetration. Petitioner was sentenced, based on the requirements of Measure 11, to 75 months in prison with ten years of post-prison supervision.

On appeal, petitioner's counsel did not assign error to the court's ruling denying his objection to the prosecutor's closing argument. Rather, appellate counsel focused on the claim that petitioner's sentence violated the federal constitution. We affirmed the trial court's judgment without opinion, and the Supreme Court denied review. *State v. Hempel*, 155 Or App 489, 964 P2d 1156, *rev den*, 327 Or 554 (1998).

Following his appeal, petitioner sought post-conviction relief. Before the post-conviction court, petitioner argued that both his trial and appellate counsel had been inadequate. Petitioner asserted that his trial counsel had been inadequate because, among other things, he should have moved to strike the statements quoted above. Petitioner also claimed that his appellate counsel was inadequate because she failed to assign error to the trial court's ruling denying his objection to the same statements.

The post-conviction court denied petitioner's claims for relief. It found that trial counsel handled petitioner's case in an objectively reasonable manner. It also found that petitioner failed to prove that competent appellate counsel would have assigned error to the ruling or that doing so would have changed the outcome of petitioner's appeal. Petitioner now appeals that decision, arguing that the post-conviction court erred in finding that his appellate counsel was constitutionally adequate.[1]

Article I, section 11, of the Oregon Constitution provides that, "[i]n all criminal prosecutions, the accused shall have the right to * * * be heard by himself and counsel[.]" To make a successful claim under the Oregon Constitution that his appellate counsel was inadequate, petitioner had the burden of proving that competent counsel would have raised the

---

[1] On appeal, petitioner does not argue that the post-conviction court erred in holding that his trial counsel was constitutionally adequate.

claim of error. *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987). He also had to prove that, if the claim of error had been raised, it is more probable than not that the result would have been different. *Id.*

■■ In this case, petitioner's trial counsel asserted in his closing argument that petitioner had never been accused of sexual abuse in the past and implied that he had never done anything like this before. Once the defense opened the door, the prosecutor responded in kind but noted that the question whether petitioner had committed other crimes in the past "was not the issue at trial." Had defendant not invited the response, there can be little dispute that the prosecutor's statements would have been improper. However, we have recognized that, in closing argument, as well as at trial, "[t]he prosecutor has the right * * * to reply to argument made by opposing counsel, and, in doing so, statements may be made which otherwise would be improper." *State v. Guritz*, 134 Or App 262, 270, 894 P2d 1235, *rev den,* 321 Or 560 (1995).

■ Given our holding in *Guritz*, we cannot say that petitioner's appellate counsel should have assigned error to the trial court's ruling. Rather, when appellate counsel "exercises reasonable professional skill and judgment [in deciding which issues to raise on appeal], a reviewing court will not second-guess the lawyer in the name of the constitution, but neither will the court ignore decisions made in the conduct of the defense which reflect an absence or suspension of professional skill and judgment." *Krummacher v. Gierloff,* 290 Or 867, 875, 627 P2d 458 (1981).[2] In this case, petitioner's appellate counsel reasonably could have concluded that, because defense counsel invited the prosecutor's remarks, assigning error to the trial court's ruling would have had little chance of success. *See Guritz,* 134 Or App at 270. Trial courts have wide latitude in controlling closing argument, *Atlas Copco Industrial v. Karn Repair Service,* 172 Or App 317, 323-24, 18 P3d 1102, *rev den,* 332 Or 316 (2001), and we cannot say that appellate counsel's decision not to assign error to the trial

---

[2] *Krummacher* involved a claim that trial counsel was inadequate for failing to raise a particular defense, but the reasoning quoted above applies equally to appellate counsel's tactical decision concerning which issues should be raised on appeal.

court's ruling reflects "an absence or suspension of professional judgment and skill." *Krummacher*, 290 Or at 876.

Petitioner's federal claim fares no better. The Sixth Amendment to the United States Constitution guarantees that, in criminal trials, an individual shall "have the Assistance of Counsel for his [or her] defence." Under federal law, petitioner must show that appellate counsel committed an error that was professionally unreasonable and that the error would have an effect on the judgment. *Strickland v. Washington,* 466 US 668, 695-96, 104 S Ct 2052, 80 L Ed 2d 674 (1984). The Court has explained that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 US at 690. As explained above, we cannot say, in light of our opinion in *Guritz,* that petitioner's appellate counsel did not exercise reasonable professional judgment in declining to assign error to the trial court's ruling. *See Smith v. Murray*, 477 US 527, 536, 106 S Ct 2661, 91 L Ed 2d 434 (1986) ("Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."). Petitioner's federal inadequate assistance claim fails for the same reasons that his state claim fails.

Affirmed.