684    August 28, 2024    No. 621

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MYLES JACOB NEES,
*Petitioner-Appellant,*

*v.*

Joshua HIGHBERGER,
Superintendent,
Oregon State Correctional Facility,
*Defendant-Respondent.*

Marion County Circuit Court
21CV26576; A180267

Patricia A. Sullivan, Senior Judge.

Submitted August 1, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant. Myles Nees filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying post-conviction relief (PCR). In a single assignment of error, he contends that his waiver of the right to counsel was not knowing or voluntary, and that his appellate counsel was constitutionally ineffective for failing to raise that claim on direct appeal. We affirm.

We review the PCR court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence in the record to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

During petitioner's criminal proceedings for charges of criminal driving while suspended and giving false information to a police officer, his first two appointed counsel moved to withdraw from representation. After his second attorney withdrew, petitioner sought to represent himself. The trial court engaged petitioner in a lengthy colloquy, advising him that he would be at a "serious disadvantage" by proceeding without counsel and listing multiple examples of that disadvantage in practice. After that colloquy, petitioner waived his right to counsel, and the court accepted that waiver as knowing and voluntary.

On the day of trial, the prosecutor, out of concern that petitioner was not waiving his right to counsel "for the right reasons" asked the court to "go over" the right to counsel with petitioner again and have petitioner sign a written waiver. The court agreed, and again engaged petitioner in an extensive colloquy, inquiring as to petitioner's legal training and listing the ways that an attorney could help petitioner. Petitioner again expressed his desire to waive his right to counsel and signed a written waiver. Petitioner subsequently pleaded guilty to one count of driving while suspended, ORS 811.182(3).[1]

In his sole assignment of error, petitioner argues that his appellate counsel was ineffective in failing to assign

---

[1] Petitioner was also charged, in separate cases, with other crimes. At the pretrial hearings, the trial court discussed, simultaneously, petitioner's decision to waive counsel in petitioner's multiple cases. This PCR petition addresses only the validity of petitioner's conviction in Case No. 18CR32734, for driving while suspended.

error to the validity of petitioner's waiver of counsel. To succeed on a claim of inadequate appellate counsel for failure to assert a claimed error, petitioner must prove "(1) that a competent appellate counsel would have asserted the claim, and (2) that had the claim of error been raised, it is more probable than not that the result would have been different." *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987).

Appellate counsel was not constitutionally deficient. Appellate counsel raised eight assignments of error in a thorough appellate brief, and, according to his declaration before the PCR court, declined to include a claim as to the validity of petitioner's waiver of counsel because he did not believe it presented "a meritorious issue for direct appeal." That determination was reasonable. Consistent with Oregon law, the trial court engaged in two extensive colloquies in which it explained to petitioner the risks and disadvantages of proceeding without counsel and provided specific examples of areas where a lack of legal training would disadvantage petitioner in the proceedings. *See State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992) ("A colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation is the preferred means of assuring that the defendant understand[s] the risks of self-representation."). Moreover, petitioner signed a waiver of counsel that also provided a list of the disadvantages of proceeding without counsel. Appellate counsel acted competently in focusing on other assignments of error rather than a claim that he reasonably concluded lacked merit.

Petitioner's arguments to the contrary are unpersuasive. He contends that the first colloquy failed to adequately advise him of his right to counsel because petitioner's counsel provided "misinformation" on the record by informing petitioner that he would have the help of a legal advisor to present his case if he waived his right to counsel. He further suggests that he did not understand the limitations of that legal advisor. However, petitioner *did* have the assistance of a legal advisor after he waived his right to counsel, indicating that he was not misinformed, and his later dissatisfaction with that advisor does not render

his waiver uninformed. Petitioner also points to instances during the second colloquy where the record reflects that he may not have understood the risks of self-representation. After reviewing the record, we disagree that it reflected a waiver that was not knowing or voluntary such that competent appellate counsel would have raised the issue on appeal. *See Garner v. Premo*, 283 Or App 494, 502, 389 P3d 1143, *rev den*, 361 Or 885 (2017) (explaining that, "when an appellate lawyer 'reasonably could have concluded that \*\*\* assigning error to [a particular] ruling would have had little chance of success,' the decision not to make that assignment of error does not amount to a suspension of professional skill and judgment" (quoting *Hempel v. Palmateer*, 187 Or App 70, 74, 66 P3d 513 (2003))).

Affirmed.