No. 555 June 17, 2026 663

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ALEXANDER EUGENE CLEMENS,
aka Alexander E. Clemens,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
21CV36526; A181732

Claudia M. Burton, Senior Judge.

Submitted February 3, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

HELLMAN, J.

Affirmed.

------------

\* Lagesen, Chief Judge *vice* Mooney, Senior Judge

**HELLMAN, J.**

In this post-conviction case, petitioner appeals a judgment denying post-conviction relief. On appeal, we understand him to raise three assignments of error.[1] For the reasons explained below, we affirm.

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.* We begin by briefly stating the background facts and provide additional factual context in our discussion of petitioner's assignments of error.

In 2017, petitioner was charged with, among other offenses, compelling prostitution and promoting prostitution. A key witness against petitioner was S, a woman who provided statements to law enforcement about petitioner's conduct, including allegations that petitioner owned firearms, had assaulted her, and directed prostitution activities. As the investigation into petitioner progressed, S became increasingly fearful of retribution from petitioner and became more difficult for officers to locate. Despite being subpoenaed to trial, S failed to appear. Over petitioner's objection, the trial court granted the state a continuance, and the state sought a material witness warrant for S's presence at trial.

After the trial was reset, law enforcement learned that petitioner had enlisted help from associates to move S from Portland to Las Vegas, Nevada. After obtaining S's

---

[1] Petitioner's brief explicitly identifies two assignments of error, both of which relate to the post-conviction court's ruling on claims regarding the performance of trial counsel. However, in his combined argument, petitioner also makes an alternative argument, which challenges the post-conviction court's ruling on a claim related to the performance of appellate counsel. Although petitioner's brief does not comply with ORAP 5.45 (concerning assignments of error), we treat petitioner's alternative argument concerning his appellate counsel as a third assignment of error, as it involves a challenge to the post-conviction court's ruling on a separate claim for relief than the claim addressed in his first two assignments of error.

arrest on the material witness warrant, law enforcement interviewed S, who told them that she did not want to go to court, that she was "not going" back to Oregon, and that if she was forced to return, she would "not say *** anything." S was released from custody before petitioner's trial date, and law enforcement were unable to find her.

At trial, the state moved to allow the introduction of S's hearsay statements on the basis that she was unavailable and that petitioner was the cause of that unavailability. A witness testified about petitioner's prior harm to S and his repeated threats that she would be killed if she testified at his trial. The investigating detective testified about his extensive efforts to obtain S's presence at trial. The state indicated that if the trial court decided that those efforts were insufficient, it could take steps to use a "certification process" that would allow it to extradite S from Nevada, but that would take "six to eight weeks" and would require some voluntary participation from S. The state indicated that "it would be fruitless" to pursue any additional steps to obtain S's presence, given her fear of petitioner and her statements that she would not testify against him. Therefore, the state requested that the trial court find S unavailable and permit the introduction of her hearsay statements.

Trial counsel objected to the introduction of the statements or any further setover, explaining that petitioner did not want a setover because he had "been in custody for more than seven months and has expressed a firm desire to get the trial over with" so that he could "vindicate himself." Petitioner took the position that S's unavailability was her own choice and "not due to criminal action on [his] part."

The trial court ruled that S's hearsay statements were admissible because she was unavailable "due to wrongful conduct" by petitioner. At trial, the state introduced several of S's hearsay statements, including that petitioner "possessed multiple firearms," directed her to participate in prostitution activities, and "violently assaulted her on multiple occasions." The jury convicted petitioner of compelling prostitution, promoting prostitution, fourth-degree assault, strangulation, and felon in possession of a firearm.

After a largely unsuccessful appeal, in which appellate counsel did not challenge the trial court's ruling on S's unavailability, petitioner sought post-conviction relief alleging, in relevant part, that his trial and appellate counsel provided inadequate and ineffective assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution in the way they handled the state's request to admit S's hearsay statements.[2] Specifically, petitioner took issue with trial counsel's objection "to a continuance of the trial to allow time for the state to exhaust all reasonably available means to produce the named victim for trial" and trial counsel's failure "to properly advise Petitioner regarding the risks and consequences of opposing a continuance of the trial to allow the state time to exhaust all reasonably available means to produce the named victim for trial." Petitioner also challenged appellate counsel's failure to challenge the trial court's determination that S was unavailable and the trial court's ruling that her hearsay statements were admissible. The post-conviction court denied relief on all claims. This appeal followed.

A criminal defendant has the right to adequate assistance of counsel under Article I, section 11, of the Oregon Constitution and effective assistance of counsel under the Sixth Amendment to the United States Constitution. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370

---

[2] This court affirmed petitioner's direct appeal without opinion. *State v. Clemens*, 303 Or App 176, 460 P3d 133 (2020). The Supreme Court subsequently reversed one of petitioner's convictions in light of *Ramos v. Louisiana*, 590 US 82, 140 S Ct 1390, 206 L Ed 2d 583 (2020), after a state concession, because that conviction was the result of a nonunanimous verdict.

Or 822 (2023). Moreover, with regard to claims concerning the alleged constitutionally deficient performance of appellate counsel based on the failure to raise a claim on appeal, to prevail, "the petitioner must show (1) that a competent appellate counsel would have asserted the claim, and (2) that had the claim of error been raised, it is more probable than not that the result would have been different." *Harbert v. Franke*, 284 Or App 374, 378, 393 P3d 243, *rev den*, 361 Or 800 (2017) (internal quotation marks omitted).

In his first and second assignments of error, petitioner argues that the post-conviction court erred in denying relief on his claims that trial counsel provided inadequate and ineffective assistance when he objected to the state's obtaining additional time to secure S's presence at trial and, as we understand petitioner's argument, counsel's related failure to advise him about the risks of such opposition. Petitioner asserts that because trial counsel objected he was unable to assign error on appeal to the trial court's determination that S was unavailable for trial, and the related ruling that permitted the introduction of her hearsay statements. In what we consider petitioner's third assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his alternative claim that appellate counsel provided constitutionally inadequate and ineffective assistance of counsel when appellate counsel failed to assign as error the trial court's ruling on S's unavailability and the admissibility of her hearsay statements. Thus, as we understand it, the linchpin of petitioner's arguments is that on direct appeal an appellate court would have determined that the trial court incorrectly ruled on the issue of S's unavailability and would have reversed petitioner's convictions, had the ruling concerning S's unavailability and the admissibility of her hearsay statements been reviewed by an appellate court.

Given the structure of petitioner's arguments on appeal, we do not need to conclusively decide whether the post-conviction court erred when it determined that neither trial nor appellate counsel's actions amounted to deficient representation under either the Oregon or United States

constitutions.[3] That is because petitioner did not establish that the post-conviction court erred when it determined that petitioner did not establish prejudice. Specifically, petitioner did not demonstrate any error in the post-conviction court's conclusion that, had the argument concerning the purportedly incorrect unavailability ruling been raised on appeal, it would have had any likelihood of success. *See Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987) ("A plaintiff seeking post-conviction relief stemming from a claim of inadequate assistance of appellate counsel for failing to assert a claimed error must establish * * * that had the claim of error been raised, it is more probable than not that the result would have been different."); *see also Nemecek v. Taylor*, 292 Or App 58, 64-65, 423 P3d 123, *rev den*, 363 Or 599 (2018) ("In determining whether petitioner was prejudiced, the issue is whether trial counsel's acts or omissions could have tended to affect the outcome of the case." (Internal quotation marks omitted.)).

For a witness to be "unavailable," the "constitutional confrontation guarantee requires that 'the state must have exhausted all reasonably available means of producing the witness.'" *State v. Belden*, 369 Or 1, 10, 499 P3d 783 (2021) (quoting *State v. Harris*, 362 Or 55, 66, 404 P3d 926 (2017)). But, at the same time, "'the law does not require the state to engage in futile measures.'" *Id.* at 11 (quoting *Harris*, 362 Or at 65).

Here, during petitioner's criminal trial, the trial court ruled that the victim was unavailable due to wrongful conduct by petitioner, and it permitted the state to offer hearsay as a result. That ruling, as we understand it, was

---

[3] Although we do not conclusively rule on whether appellate counsel's representation fell below constitutional standards, we do reject the state's argument on appeal that focuses on why a hypothetical competent appellate counsel could have left out the unavailability argument, rather than the appellate counsel's stated reason for his litigation decision. In considering counsel's performance, we "may not engage in *post hoc* rationalization in a manner that does not reflect counsel's actual strategic reasoning." *Jaynes v. Cain*, 319 Or App 659, 669, 511 P3d 58 (2022) (internal quotation marks omitted); *see Delgado-Juarez v. Cain*, 307 Or App 83, 96, 475 P3d 883 (2020) ("Even if, upon reflection, we or the superintendent can identify a number of alternative considerations that, on balance, might have justified trial counsel's decision, we may not engage in *post hoc* rationalization in a manner that does not reflect counsel's actual strategic reasoning." (Internal quotation marks omitted.))

premised, in part, on evidence of the state's efforts to secure the victim's attendance at petitioner's trial and the victim's continuing unavailability. Those efforts included (1) subpoenaing the victim and staying in regular contact with the victim; (2) after the victim stopped communicating with law enforcement before the initially scheduled trial date, continuing "trying to reach [her] by email, phone messages, and text"; (3) when the victim failed to appear at the initially scheduled trial date, obtaining a material witness warrant to try to secure her presence; (4) monitoring petitioner's jail phone calls, through which law enforcement discovered that petitioner directed an associate to take the victim to Las Vegas and told the associate to tell the victim, from petitioner, "I'm going to get out eventually[, s]o, you just want to spend the rest of your life on the fucking lam?"; (5) contacting the victim while she was in custody in Las Vegas on the material witness warrant and offering to fly her back to Oregon; (6) while the victim was in Las Vegas, re-subpoenaing the victim for a new trial date, to which she responded that "I'm not going" to return to Oregon, and if forced she would "not *** say anything"; and (7) having a detective fly to Las Vegas before the rescheduled trial date to attempt to personally meet with the victim, although that attempt was unsuccessful. Ultimately, as noted, the state indicated that it could take additional steps to attempt to obtain a warrant that would allow them to extradite S from Nevada, but that (1) would require some voluntary participation from S and (2) "would be fruitless."

Considering the "circumstances of * * [this] case," and given that "the law does not require the state to engage in futile measures," *Harris*, 362 Or at 65, 67, we agree with the post-conviction court that "even if an appellate court had reviewed the sufficiency of the state's efforts to secure the attendance of [S], it is highly likely that court would have found those efforts sufficient." Because petitioner did not demonstrate constitutionally sufficient prejudice, the post-conviction court did not err in denying relief on the post-conviction claims that are the subject of this appeal.

Affirmed.